## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MAINE

| | |
|---|---|
| In re: | Chapter 11 |
| TERRANCE J. MCCLINCH, | Case No. 18-10568 |
| Debtor. | |

**MOTION FOR AN ORDER (A) PROHIBITING UTILITIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICES, (B) APPROVING THE FORM OF ADEQUATE ASSURANCE PROPOSED BY THE DEBTOR, AND (C) ESTABLISHING PROCEDURES FOR RESOLVING CERTAIN DISPUTES**

Terrance J. McClinch, the above-captioned debtor and debtor-in-possession (the "Debtor") hereby moves (the "Motion") this Court for entry of an order: (a) prohibiting the Utility Companies (as defined below) from altering, refusing or discontinuing service to the Debtor on account of prepetition liabilities; (b) approving the adequate assurance deposits proposed by the Debtor; and (c) establishing procedures for determining requests by the Utility Companies for additional adequate assurance and a procedure for determining whether a company constitutes a "utility" for purposes of 11 U.S.C. § 366. In support of the Motion, the Debtor states as follows:

### JURISDICTION, VENUE, AND STATUTORY BASIS

1. The United States District Court for the District of Maine (the "District Court") has original, but not exclusive, jurisdiction over the Debtor's chapter 11 case pursuant to 28 U.S.C. § 1334(b). Pursuant to 28 U.S.C. § 157 and Rule 83.6 of the District Court's local rules, the District Court has authority to refer and has referred this proceeding to this Court.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court has constitutional authority to enter final judgment in this proceeding.

3.	Venue over the chapter 11 case is proper in this district pursuant to 28 U.S.C. § 1408, and venue over this proceeding is proper in this district pursuant to 28 U.S.C. § 1409.

4.	The statutory predicates for the relief requested herein are §§ 105(a) and 366 of title 11 of the United States Code (the "Bankruptcy Code").

## BACKGROUND

5.	On September 27, 2018, the Debtor filed a petition for relief under chapter 11 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtor's chapter 11 case, and no official committees have been appointed or designated.

6.	The Debtor owns certain residential real property located at 5 & 11 Alley Road, East Boothbay, Maine (the "Boothbay Property") and 2661 Congress Street, Fairfield, Connecticut (the "Fairfield Property"). The Debtor receives utility services from the following companies as to the Boothbay Property and the Fairfield Property (together, the "Utility Companies"):

| **Boothbay Property**[1] | **Fairfield Property** |
|---|---|
| Boothbay Regional Water District | Southern Connecticut Gas |
|  | Aquarion Water |
|  | The United Illuminating Company |

## RELIEF REQUESTED

7.	By this Motion, the Debtor seeks immediate entry of an order: (a) prohibiting the Utility Companies from altering, refusing or discontinuing service on account of prepetition invoices; (b) limiting the amount of adequate assurance to the deposit amounts set forth herein

---

[1] On October 4, 2018, the Debtor received a letter from Central Maine Power requesting a specific deposit amount as adequate assurance under § 366(b). The Debtor agrees to make such payment and, therefore, does not include Central Maine Power in this Motion.

2

by the Debtor; (c) providing that if a Utility Company timely requests adequate assurance that the Debtor believes is unreasonable, the Debtor will file a motion for determination of adequate assurance of payment and serve such motion for hearing at the Court's discretion (a "Determination Hearing"); (d) in the event a Determination Hearing is scheduled, the Utility Company requesting adequate assurance shall be deemed to have adequate assurance of payment until an order of the Court is entered in connection with such Determination Hearing; and (e) in the event the Debtor contends after the date of the filing of this Motion that a party other than the Utility Companies constitutes a "utility" under § 366 of the Bankruptcy Code that such party shall continue to provide services until such time as this Court determines whether such party is a "utility" afforded the protections of § 366 of the Bankruptcy Code.

## BASIS FOR RELIEF

8.  In the ordinary course, the Debtor uses various services provided by the Utility Companies for his and his wife's residential living. Section 366 governs the rights and obligations of the Utility Companies as providers of utility services to the Debtor. Pursuant to § 366(c)(2), such Utility Companies may alter, refuse, or discontinue service to a chapter 11 debtor if neither the trustee nor the debtor, within thirty (30) days after the date of the order for relief, furnishes adequate assurance of payment for utility service that is satisfactory to the utility. See 11 U.S.C. § 366(c)(2). Pursuant to § 366(c)(1)(A), the term "assurance of payment" means: (i) a cash deposit; (ii) a letter of credit; (iii) a certificate of deposit; (iv) a surety bond; (v) a prepayment of utility consumption; or (vi) another form of security that is mutually agreed to between the utility and the debtor or the trustee. See 11 U.S.C. § 366(c)(1)(A).

9.  A debtor may comply with § 366 by proposing a means and amount of adequate protection in a timely filed motion which permits notice and hearing within the thirty-day stay

3

period.  See In re Beach House Property LLC, 2008 WL 961498 (S.D. Fla 2008).  If utilities fail to respond within the time set forth in the debtor's motion, the debtor's offer may be deemed adequate assurance, and the § 366 injunction remains in place.  See In re Syroco Inc., 374 B.R. 60 (Bankr. D.P.R. 2007).  Courts have recognized that, "[i]n deciding what constitutes 'adequate assurance' in a given case, a bankruptcy court must 'focus upon the need of the utility for assurance, and to require that the debtor supply no more than that, since the debtor almost perforce has a conflicting need to conserve scarce financial resources.'"  Virginia Elec. & Power Co. v. Caldor, Inc. (In re Caldor, Inc.), 117 F.3d 646, 650 (2d Cir. 1997) (emphasis in original) (quoting In re Penn Jersey Corp., 72 B.R. 981, 985 (Bankr. E.D. Pa. 1987)); see also In re Penn Central Transp. Co., 467 F.2d 100, 103-04 (3d Cir. 1972) (upholding lower court's decision not to require debtor to provide utility deposits under Bankruptcy Act where "the likelihood [was] great that the posting of large deposits with all concerned public utilities would jeopardize the continuing operation of the [debtor] merely to give future security to suppliers who already are reasonably protected").  Courts are not required to give the utility companies the equivalent of a guaranty of payment; rather, they must determine that the utility is not subject to an unreasonable risk of non-payment for postpetition services.  See, e.g., In re Caldor, 117 F.3d 646; In re Sweetwater, 40 B.R. 733, 743-44 (Bankr. D. Utah 1984), aff'd, 57 B.R. 743 (D. Utah 1985); In re George C. Frye Co., 7 B.R. 856, 858 (Bankr. D. Me. 1980) (debtor is required to demonstrate only that "utility is not subject to an unreasonable risk of future loss") (citations omitted); see also In re New Rochelle Telephone Corp., 397 B.R. 633 (Bankr. E.D.N.Y. 2008) (deposit equal to one month's service adequate).

10. The services provided by the Utility Companies are essential to the Debtor's ability to maintain his residence and standard of living, as well as that of his wife.  The Debtor

4

and his wife use these services in the ordinary course. If a disruption in the Debtor's access to these utilities occurs, the impact on his and his wife's personal living situation could be extraordinary and irreparable. Accordingly, to provide adequate assurance, the Debtor proposes making a deposit in the amount of the average monthly bill for each of the Utility Companies for the year prior to the Petition Date.

## NOTICE

11. Notice of this Motion was served on the following parties on the date and in the manner set forth in the certificate of service: (a) the United States Trustee; (b) the Debtor's secured creditors, or, if applicable, to counsel representing such creditors; (c) the non-insider holders of the twenty largest unsecured claims against the Debtor or, if applicable, to counsel representing such holders; (d) applicable federal and state taxing authorities; and (e) the Utility Companies.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter an order: (a) prohibiting the Utility Companies from altering, refusing or discontinuing service on account of prepetition invoices; (b) limiting the amount of adequate assurance to the deposit amounts set forth herein by the Debtor; (c) providing that if a Utility Company timely requests adequate assurance that the Debtor believes is unreasonable, the Debtor will file a motion for a Determination Hearing; (d) in the event a Determination Hearing is scheduled, the Utility Company requesting adequate assurance shall be deemed to have adequate assurance of payment until an order of the Court is entered in connection with such Determination Hearing; and (e) in the event the Debtor contends after the date of the filing of this Motion that a party other than the Utility Companies constitutes a "utility" under § 366 of the Bankruptcy Code, that such party

shall continue to provide services until such time as this Court determines whether such party is a "utility" afforded the protections of § 366 of the Bankruptcy Code.

Dated:  October 17, 2018                    **TERRANCE J. MCCLINCH,**

                                                By his proposed attorneys:

                                                */s/ Adam R. Prescott*
                                                D. Sam Anderson, Esq.
                                                Adam R. Prescott, Esq.
                                                BERNSTEIN, SHUR, SAWYER & NELSON, P.A.
                                                100 Middle Street
                                                P.O. Box 9729
                                                Portland, ME 04104-5029
                                                Tel: (207) 774-1200
                                                Email: sanderson@bernsteinshur.com
                                                                 aprescott@bernsteinshur.com