UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | |
|---|---|
| In re:<br><br>Terrance J. McClinch,<br><br>　　　　Debtor. | Chapter 11<br><br>Case No. 18-10568 |

### APPLICATION FOR ORDER, PURSUANT TO SECTIONS 327 AND 328 OF THE BANKRUPTCY CODE, AUTHORIZING EMPLOYMENT OF BERNSTEIN, SHUR, SAWYER & NELSON, P.A., AS ATTORNEYS FOR THE DEBTOR

Terrance J. McClinch, the above-captioned debtor and debtor-in-possession (the "Debtor"), hereby requests (the "Application") that this Court enter an order approving the employment of Bernstein, Shur, Sawyer & Nelson, P.A. ("BSSN") as counsel for the Debtor effective September 27, 2018 (the "Petition Date"). In support of this Application, the Debtor states the following:

#### JURISDICTION, VENUE AND STATUTORY BASIS

1.　　The United States District Court for the District of Maine (the "District Court") has original, but not exclusive, jurisdiction over the Debtor's chapter 11 case pursuant to 28 U.S.C. § 1334(b). Pursuant to 28 U.S.C. § 157 and Rule 83.6 of the District Court's local rules, the District Court has authority to refer and has referred this proceeding to this Court.

2.　　This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court has constitutional authority to enter final judgments in this proceeding.

3.　　Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4.　　The predicates for the relief sought herein are sections 327(a), 328(a), and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1, 2014-2, and 2014-3 of the Local Rules of the United States Bankruptcy Court for the District of Maine (the "Local Rules").

## BACKGROUND

5. On September 27, 2018, the Debtor filed a petition for relief under chapter 11 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtor's chapter 11 case, and no official committee has been appointed or designated. Two affiliated cases have been filed since the Debtor filed his petition for relief, and the Debtor has moved to jointly administer the three cases.

## RELIEF REQUESTED

6. Subject to the approval of this Court, the Debtor seeks to employ BSSN as his bankruptcy counsel in connection with the commencement and prosecution of his bankruptcy case, with the retention being effective as of the Petition Date. Accordingly, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rules 2014-2 and 2014-3, the Debtor requests that this Court approve the employment of BSSN to perform necessary legal services on the Debtor's behalf during his bankruptcy case. In addition, pursuant to 11 U.S.C. § 331, the Debtor requests that the Court grant BSSN permission to apply for compensation and reimbursement of expenses in increments of not more than once every 60 days after the Petition Date. Lastly, the Debtor seeks approval to allow Thorpe Street (defined below) to fund legal fees and expenses of the Debtor and to pay such fees and expenses as invoiced on a monthly basis, subject to ultimate approval of such fees and expenses by this Court. Initially, the fees and expenses shall be funded from amounts transferred to BSSN from Thorpe Street prior to the Petition Date.

**BASIS FOR RELIEF**

7. Under section 327(a) of the Bankruptcy Code, a debtor-in-possession is authorized to employ one or more attorneys who do not hold or represent an interest adverse to the estate and that are "disinterested persons," as that term is defined in section 101(14) of the Bankruptcy Code, to represent or assist the debtor in carrying out its duties under the Bankruptcy Code. See 11 U.S.C. §§ 101(14), 327(a). Section 1107(b) of the Bankruptcy Code modifies sections 101(14) and 327(a) in cases under chapter 11 of the Bankruptcy Code, providing that a person is not disqualified for employment under section 327(a) of the Bankruptcy Code by a debtor-in-possession solely because of such person's employment by or representation of the debtor before the commencement of the case. See 11 U.S.C. § 1107(b). Under section 328(a) of the Bankruptcy Code, an attorney retained under section 327(a) may, with the Court's approval, be employed on any reasonable terms and conditions, including on retainer or on an hourly basis. See 11 U.S.C. § 328(a).

8. If an application to employ counsel for a chapter 11 debtor is sought within thirty (30) days of the petition date, "the order authorizing retention will be effective as of the filing date, without the necessity of seeking and obtaining post facto approval." Local Rule 2014-2(b).

9. When it became likely that the Debtor may need to seek relief under the Bankruptcy Code, the Debtor selected BSSN to serve as his general bankruptcy counsel. BSSN also has represented the Debtor in prior out-of-court financial and workout matters. The Debtor selected BSSN because of the law firm's recognized expertise in the field of business reorganizations under chapter 11 of the Bankruptcy Code, as well as all areas of law that typically arise in the context of a case under chapter 11. In particular, BSSN has substantial

experience in complex cases involving the representation of debtors and debtors-in-possession under the Bankruptcy Code. Accordingly, BSSN has the necessary background to deal effectively with the potential legal issues and problems that may arise in the context of the Debtor's bankruptcy case, and is well qualified to represent the Debtor in an efficient and timely manner.

10. Pursuant to Local Rules 2014-2(b) and 9013-1(d)(1), the Debtor requests that the relief requested in this Application be granted and that the retention be deemed effective as of the Petition Date.

11. In accordance with Local Rule 2014-3, the professional services that BSSN will render to the Debtor may include some or all of the following:

(a) Advising the Debtor with respect to his powers and duties as debtor-in-possession;

(b) Representing the Debtor at all hearings and matters pertaining to his affairs as a debtor and debtor-in-possession;

(c) Attending meetings and negotiating with representatives of the Debtor's creditors and other parties-in-interest, as well as responding to creditor inquiries;

(d) Taking all necessary action to protect and preserve the Debtor's estates;

(e) Preparing on behalf of the Debtor all necessary and appropriate motions, applications, answers, orders, reports and papers necessary to the administration of Debtor's estate;

(f) Reviewing applications and motions filed in connection with the Debtor's bankruptcy case;

(g) Negotiating and preparing on the Debtor's behalf any plans of reorganization, disclosure statements, and all related agreements and/or documents, and taking any necessary action on behalf of the Debtor to obtain confirmation of such plan;

(h) Advising the Debtor in connection with any potential sale or sales of assets, or in connection with any other strategic alternatives;

4

    (i)    Reviewing and evaluating the Debtor's executory contracts and unexpired leases, and representing the Debtor in connection with the rejection, assumption or assignment of such leases and contracts;

    (j)    Representing the Debtor in connection with any adversary proceedings or automatic stay litigation which may be commenced by or against the Debtor;

    (k)    Reviewing and analyzing various claims of the Debtor's creditors and treatment of such claims, and preparing, filing or prosecuting any objections thereto; and

    (l)    Performing all other necessary legal services and providing all other necessary legal advice to the Debtor in connection with his bankruptcy case.

**A.**     **BSSN is Disinterested and Does Not Have an Adverse Interest**

12.     Except to the extent certain connections are set forth in the <u>Affidavit of D. Sam Anderson, Esq. in Support of the Application for Order, Pursuant to Sections 327 and 328 of the Bankruptcy Code, Authorizing Employment of Bernstein, Shur, Sawyer & Nelson, P.A., as Attorneys for the Debtor</u> (the "<u>Anderson Affidavit</u>"), attached hereto as **Exhibit 1**, the shareholders and employees of BSSN do not have any connection with or any interest adverse to the Debtor, his creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee. Accordingly, the Debtor believes that BSSN does not hold or represent any interest adverse to the Debtor's estate and is a "disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

13.     In addition, and as stated in the Anderson Affidavit, BSSN intends to file an application with this Court for approval to represent as counsel debtors Circle 9 Cattle

Company, LLC (Case No. 18-10569, chapter 11 petition filed on September 27, 2018) ("Circle 9") and Candlelight Farms Aviation, LLC (Case No. 18-10579, chapter 11 petition filed on October 2, 2018) ("Candlelight"). BSSN also provided legal services on behalf of Circle 9 and Candlelight prior to their bankruptcy petitions.

14. Circle 9 and Candlelight are solely owned and operated by the Debtor. The Debtor, Circle 9, and Candlelight also share overlapping interests as to certain lenders in the form of the following pledged collateral and guarantees:

| Lender | Borrower | Pledged Collateral | Owner of Pledged Collateral | Guarantor |
| --- | --- | --- | --- | --- |
| Camden National Bank | 120 Commercial Street, LLC (non-debtor); and Boothbay Harbor Shipyard, LLC (non-debtor) | Real property located at 2661 Congress Street, Fairfield, Connecticut | Debtor | Debtor |
| | | Real property located at 38 Looment Lane, Silver Star, Montana | Circle 9 | |
| Maine Capital Group / Coastal Realty | Candlelight | Real property located at 5 Green Pond Road, New Milford, Connecticut | Candlelight | Debtor |
| | | Real property located at 38 Looment Lane, Silver Star, Montana | Circle 9 | |
| | | Real property located at 5 & 11 Alley Road, East Boothbay, Maine | Debtor | |

6

| TPL Financial Services | Boothbay Harbor Shipyard, LLC (non-debtor) | Real property located at 5 Green Pond Road, New Milford, Connecticut | Candlelight | Debtor |
|---|---|---|---|---|
| | | Real property located at 38 Looment Lane, Silver Star, Montana | Circle 9 | |
| First Interstate Bank | Circle 9 | Real property located at 38 Looment Lane, Silver Star, Montana | Circle 9 | Debtor |

15. The Debtor believes that these overlaps do not create a conflict of interest that disqualifies BSSN from representing the Debtor, Circle 9, and Candlelight in their respective bankruptcy cases.

### B. Compensation and Expense Reimbursement of BSSN

16. Over the course of the Debtor's and BSSN's relationship, BSSN has received payments for services performed and expenses incurred for or on behalf of the Debtor as disclosed in the Anderson Affidavit, as well as for services performed on behalf of Circle 9 and Candlelight. The amounts owed to BSSN by the Debtor through the Petition Date have been satisfied. However, premised on the Debtor's current financial and liquidity issues, the Debtor is currently unable to fund professional fees to BSSN. As a result, during the pendency of the Debtor's case, at this time, any obligations owed to BSSN as a result of the bankruptcy case will be paid by 185 Thorpe Street Corporation ("Thorpe Street"), a limited liability company organized under the laws of the State of Connecticut that is wholly owned

by the Debtor.  In the event payment arrangements change, BSSN will promptly notify this Court.

17. Despite the funding to be provided by Thorpe Street, the Debtor understands that BSSN intends to apply to the Court for compensation for professional services rendered and reimbursement of expenses incurred in connection with his bankruptcy case in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, and any applicable orders of this Court; provided, however, that the fees and expenses may be funded by Thorpe Street in accordance with ordinary invoicing from BSSN.

18. In accordance with Local Rule 2014-3, Thorpe Street, subject to approval by this Court, proposes to pay BSSN its customary hourly rates for representation of debtors in reorganization cases in effect as set forth in the Anderson Affidavit. These hourly rates are subject to change from time to time in accordance with BSSN's established billing practices and procedures. The Debtor submits that such rates are reasonable and should be approved by this Court, subject to a determination of amounts to be paid to BSSN upon application for allowance of compensation. The Debtor, subject to Court approval, also proposes for Thorpe Street to reimburse BSSN for its actual and necessary expenses incurred in representing the Debtor. BSSN professionals will maintain detailed records of time spent and any actual and necessary expenses incurred in connection with the rendering of their services by category and nature of the services rendered. BSSN also reserves the right to seek fee enhancements or bonuses to the extent permitted under applicable law.

19. BSSN's hourly rates are set at a level designed to fairly compensate it for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. Hourly rates vary with the experience and seniority of the individuals assigned and may be adjusted by BSSN from time to time. It is BSSN's policy in all areas of practice to charge its clients for all other expenses incurred in connection with a client's case. The expenses charged to clients include, among other things, photocopying (for extraordinary copy projects), witness fees, travel expenses, certain secretarial and other overtime expenses, filing and recording fees, postage, express mail and messenger charges, certain computerized legal research charges and other computer services. BSSN will charge the Debtor for these expenses in a manner and at rates consistent with charges made generally to its other clients and consistent with its standard practices, but subject to the Standard Maine Expense Level List. BSSN believes that it is more equitable to charge these expenses to individual clients that incur them, rather than increasing the hourly rates and spreading the expenses among all clients.

20. Where professional fees and expenses in a bankruptcy case are to be funded by a non-debtor affiliate or insider of the debtor, courts have looked to the following factors to determine whether the arrangement is permissible:

> (1) the arrangement must be fully disclosed to the debtor/client and the third party payor/insider;
>
> (2) the debtor must expressly consent to the arrangement;
>
> (3) the third party payor/insider must retain independent legal counsel and must understand that the attorney's duty of undivided loyalty is owed exclusively to the debtor/client;
>
> (4) the factual and legal relationship between the third party payor/insider, the debtor, the respective attorneys, and their

9

        contractual arrangement concerning the fees, must be fully disclosed to the Court at the outset of the debtor's bankruptcy representation; and

    (5)    the debtor's attorney/applicant must demonstrate and represent to the Court's satisfaction the absence of facts which would otherwise create non-disinterestedness, actual conflict, or impermissible potential for a conflict of interest.

In re Lotus Properties LP, 200 B.R. 388, 393 (Bankr. C.D. Cal. 1996) (citing In re Kelton, 109 B.R. 641, 658 (Bankr. D. Vt. 1989)). Applying such factors here, the above funding arrangement with Thorpe Street has been fully disclosed to the Debtor, and the Debtor has expressly consented to the arrangement. The funding arrangement also has been disclosed by the Debtor to Thorpe Street and its counsel, and it has been made clear to Thorpe Street that BSSN's undivided loyalty is to the Debtor, not Thorpe Street. BSSN and the Debtor have fully disclosed the funding arrangement to the Court through this Application and the Anderson Affidavit. Finally, the Debtor submits that no conflict of interest exists arising from the funding arrangement that would prevent BSSN's employment. See In re Lan Dan Enterprs., Inc., 221 B.R. 93, 96 (Bankr. S.D.N.Y. 1998) (compensation of debtor's attorney by third party does not give rise to per se impermissible conflict of interest). Moreover, the Debtor believes that the funding arrangement will benefit the Debtor's estate by reducing the costs to the Debtor from the bankruptcy case.

    21.    Because of the variety and complexity of the services that are required, BSSN is unable to precisely estimate the total cost of services to be rendered in the Debtor's case.

    22.    Finally, pursuant to 11 U.S.C. § 331, the Debtor requests that the Court grant BSSN permission to apply for compensation and reimbursement of expenses in increments of not more than once every 60 days after the Petition Date. The Debtor and BSSN believe that this

request is reasonable given the nature and size of the case, as opposed to waiting the 120-day period set forth in section 331.

## NOTICE

23.　　Notice of this Application was served on the following parties as set forth in the certificate of service: (a) the United States Trustee; (b) all parties requesting notice or having filed a notice of appearance; (c) the Debtor's secured creditors, or, if applicable, to counsel representing such creditors; (d) the non-insider holders of the twenty (20) largest unsecured claims against the Debtor or, if applicable, to counsel representing such holders; and (e) applicable federal and state taxing authorities.

## CONCLUSION

24.　　The services of BSSN are necessary to enable the Debtor to execute faithfully his duties as debtor and debtor-in-possession. Based upon BSSN's extensive experience and expertise in representing debtors, BSSN is well qualified and uniquely able to represent the Debtor as a debtor and debtor-in-possession under the Bankruptcy Code in an efficient, cost-effective, and timely manner.

WHEREFORE, the Debtor requests that this Court enter an Order: (a) granting this Application; (b) authorizing the Debtor to employ BSSN upon the terms set forth herein and in the Anderson Affidavit effective as of the Petition Date; (c) finding that service of this Application in the manner described above is sufficient service under the circumstances of the case and in light of the relief requested in the Application; (d) granting BSSN permission to apply for compensation and reimbursement of expenses in increments of not more than once every 60 days after the Petition Date; and (e) granting such other and further relief as the Court deems just and proper.

Dated: October 29, 2018            By:

    */s/ Terrance J. McClinch*_____
**Terrance J. McClinch**