**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **Terrance J. McClinch,** | **Case No. 18-10568** |
| **Debtor.** | |

**AFFIDAVIT OF D. SAM ANDERSON, ESQ. IN SUPPORT OF THE APPLICATION FOR ORDER, PURSUANT TO SECTIONS 327 AND 328 OF THE BANKRUPTCY CODE, AUTHORIZING THE EMPLOYMENT OF BERNSTEIN, SHUR, SAWYER & NELSON, P.A., AS ATTORNEYS FOR THE DEBTOR**

I, D. SAM ANDERSON, ESQ., being duly sworn, depose and say:

      1.      I am a shareholder in the firm of Bernstein, Shur, Sawyer & Nelson, P.A. ("BSSN"), 100 Middle Street, Portland, Maine. I am admitted to practice law in: (a) the courts of the States of Maine and New Jersey, and the Commonwealth of Pennsylvania; and (b) the United States District Courts for the Districts of Maine, New Jersey, and the Eastern District of Pennsylvania. I am authorized to make this affidavit (the "Affidavit") on BSSN's behalf.

      2.      I submit this Affidavit in the above-captioned chapter 11 case of Terrance J. McClinch (the "Debtor"), pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of this Court (the "Local Rules"), in support of the Application for Order, Pursuant to Sections 327 and 328 of the Bankruptcy Code, Authorizing Employment of Bernstein, Shur, Sawyer & Nelson, P.A., as Attorneys for the Debtor (the "Application").

**Disinterestedness of Professionals**

      3.      I am not related, and to the best of my knowledge, no attorney at BSSN is related, to any United States Bankruptcy Judge in this District or to the United States Trustee for this

District. BSSN discloses the following known connections to the United States Trustee's Office

and the Bankruptcy Court for the District of Maine:

(a)     Joshua Silver, an attorney currently employed in BSSN's Business Law and Intellectual Property and Technology Practice Groups, is the spouse of Jennifer Pincus, a trial attorney in the Portland Division of the United States Trustee's Office. Mr. Silver does not practice in BSSN's Business Restructuring and Insolvency Practice Group and has not, and will not, provide any services to the Debtor in connection with this case.

(b)     Sheila R. Dilios, a former paralegal in the United States Trustee's Office and currently a paralegal in the United States Bankruptcy Court for the District of Maine (Portland Division), is a former employee of BSSN.

(c)     The Honorable Michael A. Fagone, currently a judge in the United States Bankruptcy Court for the District of Maine (Bangor Division), is a former shareholder of BSSN.

(d)     Jessica Lewis, a law clerk to the Honorable Peter G. Cary, is a former attorney at BSSN.

4.     In accordance with Local Rule 2014-1:

(a)     Based on BSSN's conflicts search conducted to date and described herein, to the best of my knowledge, neither I, nor BSSN, nor any member, counsel, or associate thereof, insofar as I have been able to ascertain, holds an interest adverse to the Debtor, their creditors, or any other party in interest, or their respective attorneys and accountants. BSSN's connections with creditors and other parties in interest are disclosed below; BSSN believes that none of those connections is disqualifying under the applicable statutes and rules.

(b)     I am, and each member of BSSN is, a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, in that BSSN, its shareholders and associates:

(i)     are not creditors (except to the extent permitted under the Bankruptcy Code and established precedent), equity security holders or insiders of the Debtor; and

(ii)     are not and were not, within two (2) years before the date of filing of the Debtor's bankruptcy case, directors, officers, or employees of the Debtor.

2

5.      In the year prior to the Petition Date, the Debtor paid to BSSN the amount of $100,954.50 in legal fees and costs incurred pre-petition (in connection with and not in connection with the chapter 11 filing).  These costs relate to amounts bill to the Debtor for work performed on behalf of the Debtor and the Debtor's affiliated entities, including Circle 9 Cattle Company, LLC (Case No. 18-10569, chapter 11 petition filed on September 27, 2018) ("Circle 9") and Candlelight Farms Aviation, LLC (Case No. 18-10579, chapter 11 petition filed on October 2, 2018) ("Candlelight") (and other entities owned by the Debtor that are not debtors in bankruptcy).  BSSN is currently holding a general security retainer in relation to its representation of the Debtor and the Debtor's affiliated entities in the amount of $56,898.38.

6.      BSSN has conducted a search of its computerized database (the "Conflict Check System") for its connections to the persons and entities listed on **Exhibit A** attached to this Affidavit.  **Exhibit A** consists of secured creditors, accounts payable parties, certain employees, taxing authorities, utility providers, and banks relating to the Debtor.  In addition to searches using the Conflict Check System, all of BSSN's attorneys have been e-mailed the list contained on **Exhibit A**.  Each attorney has been asked to identify any connections or relationships with such persons or entities.  The information listed on **Exhibit A** may be updated or may change during the pendency of the bankruptcy case.  I will update this Affidavit when necessary and promptly after I become aware of additional material information.

7.      Attached as **Exhibit B** is a list of current or former BSSN clients or related parties whose names appear on **Exhibit A** or whose name was the same as or similar to one appearing on **Exhibit A**.  Excepting instances of consent, BSSN represents or represented such current or former clients on matters wholly unrelated to the Debtor.  With respect to the parties referred to above and displayed on **Exhibit B**, BSSN has not and will not represent such party in any

matters relating to the Debtor's bankruptcy case. Moreover, BSSN may in the past have served as a professional person in matters wholly unrelated to the Debtor or his bankruptcy case, in which many other attorneys, accountants and other professionals of the Debtor, creditors, or other parties in interest also may have served or serve as professional persons.

8.      In addition, BSSN intends to file an application with this Court for approval to represent as counsel Circle 9 and Candlelight. Circle 9 and Candlelight are solely owned and operated by the Debtor. The Debtor, Circle 9, and Candlelight also share overlapping interests as to certain lenders in the form of the following pledged collateral and guarantees:

| Lender | Borrower | Pledged Collateral | Owner of Pledged Collateral | Guarantor |
|---|---|---|---|---|
| Camden National Bank | 120 Commercial Street, LLC (non-debtor); and Boothbay Harbor Shipyard, LLC (non-debtor) | Real property located at 2661 Congress Street, Fairfield, Connecticut | Debtor | Debtor |
|  |  | Real property located at 38 Looment Lane, Silver Star, Montana | Circle 9 |  |
|  |  |  |  |  |
| Maine Capital Group / Coastal Realty | Candlelight | Real property located at 5 Green Pond Road, New Milford, Connecticut | Candlelight | Debtor |
|  |  | Real property located at 38 Looment Lane, Silver Star, Montana | Circle 9 |  |
|  |  | Real property located at 5 & 11 Alley Road, East Boothbay, Maine | Debtor |  |
|  |  |  |  |  |

4

| TPL Financial Services | Boothbay Harbor Shipyard, LLC (non-debtor) | Real property located at 5 Green Pond Road, New Milford, Connecticut | Candlelight | Debtor |
|---|---|---|---|---|
| | | Real property located at 38 Looment Lane, Silver Star, Montana | Circle 9 | |
| | | | | |
| First Interstate Bank | Circle 9 | Real property located at 38 Looment Lane, Silver Star, Montana | Circle 9 | Debtor |

### Services to Be Rendered

9.    It is contemplated that BSSN will render general bankruptcy services to the Debtor as needed throughout the course of the case.  In particular, it is anticipated that BSSN will render some or all of the following legal services:

(a)    Advising the Debtor with respect to his powers and duties as debtor-in-possession;

(b)    Representing the Debtor at all hearings and matters pertaining to his affairs as a debtor and debtor-in-possession;

(c)    Attending meetings and negotiating with representatives of the Debtor's creditors and other parties-in-interest, as well as responding to creditor inquiries;

(d)    Taking all necessary action to protect and preserve the Debtor's estate;

(e)    Preparing on behalf of the Debtor all necessary and appropriate motions, applications, answers, orders, reports and papers necessary to the administration of the Debtor's estate;

(f)    Reviewing applications and motions filed in connection with the Debtor's bankruptcy case;

(g)    Negotiating and preparing on the Debtor's behalf any plans of reorganization, disclosure statements, and all related agreements and/or

5

documents, and taking any necessary action on behalf of the Debtor to obtain confirmation of such plan;

(h)     Advising the Debtor in connection with any potential sale or sales of assets, or in connection with any other strategic alternatives;

(i)     Reviewing and evaluating the Debtor's executory contracts and unexpired leases, and representing the Debtor in connection with the rejection, assumption or assignment of such leases and contracts;

(j)     Representing the Debtor in connection with any adversary proceedings or automatic stay litigation which may be commenced by or against the Debtor;

(k)     Reviewing and analyzing various claims of the Debtor's creditors and treatment of such claims, and preparing, filing or prosecuting any objections thereto; and

(l)     Performing all other necessary legal services and providing all other necessary legal advice to the Debtor in connection with his bankruptcy case.

## Professional Compensation

10.     Over the course of the Debtor's and BSSN's relationship, BSSN has received payments for services performed and expenses incurred for or on behalf of the Debtor, as well as for services performed on behalf of Circle 9 and Candlelight (among other entities owned by the Debtor). The amounts owed to BSSN by the Debtor through the Petition Date have been satisfied. However, premised on the Debtor's current financial and liquidity issues, the Debtor is currently unable to fund professional fees to BSSN, without possibly jeopardizing other necessary costs and expenses. As a result, currently any obligations owed to BSSN as a result of the bankruptcy case will be paid by 185 Thorpe Street Corporation ("Thorpe Street"), a limited liability company organized under the laws of the State of Connecticut that is wholly owned by the Debtor. BSSN, at the present time, therefore, will not seek to charge the Debtor's estate for its bankruptcy fees and expenses. In the event payment arrangements change, BSSN will promptly notify this Court.

6

11.    The funding arrangement with Thorpe Street has been disclosed to the Debtor, and the Debtor has expressly consented to the arrangement.  Also, the Debtor disclosed the funding arrangement to Thorpe Street and its counsel, and it has been made clear to Thorpe Street, that BSSN's undivided loyalty is to the Debtor, not Thorpe Street.  BSSN has fully disclosed the funding arrangement to the Court through the Application and this Affidavit.  Finally, BSSN submits that no conflict of interest exists arising from the funding arrangement that would prevent BSSN's employment

12.    Despite the funding to be provided by Thorpe Street, BSSN intends to apply to the Court for compensation for professional services rendered and reimbursement of expenses incurred in connection with this bankruptcy case in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, and any applicable orders of this Court; provided, however, that the fees and expenses may be funded by Thorpe Street in accordance with ordinary invoicing from BSSN.

13.    BSSN's hourly rates are set at a level designed to fairly compensate it for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.  Hourly rates vary with the experience and seniority of the individuals assigned and may be adjusted by BSSN from time to time.  Hourly rates to be charged (subject to annual adjustment) for the attorneys and paralegals who are most likely to work on the Debtor's case are as follows:

| | |
|---|---|
| D. Sam Anderson | $365.00 |
| Roma N. Desai | $260.00 |
| Adam R. Prescott | $260.00 |
| Angela L. Stewart | $225.00 |
| Karla M. Quirk | $190.00 |

A brief biography of each BSSN professional has been included on **Exhibit C** attached hereto.

12.     It is BSSN's policy to charge its clients in all areas of practice for certain expenses incurred in connection with the clients' cases.  The expenses charged to clients include, among other things, photocopying (for extraordinary copying projects only), witness fees, travel expenses, certain secretarial and other overtime support, filing and recording fees, express mail, messenger services, and certain computerized legal research services.  Subject to this Court's approval and the limitations of the Local Rules (as well as the Standard Maine Expense Level List), BSSN will charge the Debtor for these expenses in a manner and at rates consistent with charges made generally to BSSN's other clients.

13.     No promises have been received by BSSN or by any member, counsel or associate thereof as to compensation in connection with the Debtor's case other than in accordance with the provisions of the Bankruptcy Code.  BSSN further states pursuant to Bankruptcy Rule 2016(b) that it has not shared, nor agreed to share: (a) any compensation it has received or may receive with another party or person, other than with the shareholders and employees of BSSN; or (b) any compensation another person or party has received or may receive in connection with the Debtor's case.

14.     Finally, pursuant to 11 U.S.C. § 331, BSSN seeks permission to apply for compensation and reimbursement of expenses in increments of not more than once every 60 days after the Petition Date.  BSSN believes that this request is reasonable given the nature and size of the case, as opposed to waiting the 120-day period set forth in section 331.

Dated:  October 29, 2018

_____
Sam Anderson, Esq.
BERNSTEIN, SHUR, SAWYER & NELSON
100 Middle St.
PO Box 9729
Portland, Maine 04104-5029
(207) 774-1200


STATE OF MAINE                                    October 29, 2018
CUMBERLAND, SS.

      Personally appeared the above-named D. Sam Anderson, Esq. and acknowledged the foregoing to be true to the best of his personal knowledge, information and belief.

Before me,

_____
Karla Quirk
Notary Public
My commission expires:

KARLA M. QUIRK
NOTARY PUBLIC
State of Maine
My Commission Expires
April 27, 2022



Bank of America
Camden National Bank
Coastal Realty Capital, LLC / Maine Capital Group
Town of Fairfield CT
TPL Financial Services
Aquarion Water Company
American Express
Artisan Boatworks
Boothbay Family Dentistry
Boothbay Region Water District
Cambridge Mutual Fire Insurance, Co.
Central Maine Power
Chase Card
Coastal Designers & Consultants, Inc.
Credit Center
Credit Information Bureau
Design Associates, Inc.
DirecTV
Diversified Consultants
Downeast Lanscaping
Folger-Kunkle Plumbing and Heating
Frontier Communications
Goldman, Grunder & Woods, LLC
Harris & Harris, Inc.
MaineHealth MMP Cardiology
Preti Flaherty
Robert Hansen Landscaping
Southern Connecticut Gas Co.
The Thomas Agency
Town of Boothbay
First Interstate Bank
Maine Capital Group
Town of New Milford CT
Joseph Lonski
Circle 9 Cattle Company, LLC
Candlelight Farms Aviation, LLC

**EXHIBIT B**

1.      BSSN currently represents Aquarion Water and its parent, Eversource Energy, in a PUC matter in Maine.  BSSN has obtained a waiver from Eversource for matters outside of Maine.   In the year preceding the filing of the Debtor's bankruptcy case, BSSN billed to Aquarion Water and Eversource Energy an amount that represents less than 1% of BSSN's approximate annual revenue.

2.      BSSN previously represented DirectTV several years ago in a matter that was unrelated to the Debtor's bankruptcy.

3.      BSSN currently represents Camden National Bank in matters unrelated to the Debtor's bankruptcy.  BSSN has obtained a waiver from Camden National Bank allowing BSSN to represent the Debtor.  In the year preceding the filing of the Debtor's bankruptcy case, BSSN billed to Camden National Bank an amount that represents less than 1% of BSSN's approximate annual revenue.

4.      BSSN has represented Maine Realty Capital / Coastal Realty Capital in matters unrelated to the Debtor's bankruptcy.  BSSN has obtained a waiver from Maine Realty Capital / Coastal Realty Capital allowing BSSN to represent the Debtor.  In the year preceding the filing of the Debtor's bankruptcy case, BSSN billed to Maine Realty Capital / Coastal Realty Capital an amount that represents less than 1% of BSSN's approximate annual revenue.

## EXHIBIT C

## BIOGRAPHIES OF BSSN PROFESSIONALS AND PARAPROFESSIONALS

### D. SAM ANDERSON

Sam Anderson is a co-chair of BSSN's Business Restructuring & Insolvency Practice Group. Sam's practice focuses primarily on representing debtors in Chapter 11 reorganization proceedings. Sam's practice has focused most recently on representing both paper mills and real estate holding companies in chapter 11, including debtors in single asset real estate cases, and representing companies in the hospitality industry through reorganizations and asset sales.

Additionally, Sam has considerable experience working on individual Chapter 11 reorganizations. He has extensive experience representing creditors in Chapter 11 proceedings, including representing landlords as creditors in these proceedings. Sam has a wide range of experience in representing clients in pre-bankruptcy and bankruptcy related matters, including representing clients in valuation disputes, preference litigation, fraudulent transfer litigation, stay relief, assets sales under the Bankruptcy Code, plan confirmation and other matters arising under bankruptcy law. He also has experience representing plaintiffs and defendants in commercial litigation in both state and federal courts. Sam was previously employed at firms in Philadelphia, Pennsylvania and Portland, Maine.

### ROMA N. DESAI

Roma N. Desai is a member of BSSN's Business Restructuring and Insolvency Practice Group. Her practice focuses on commercial bankruptcy and business reorganization.

Roma is a member of the American Bankruptcy Institute. Prior to joining the firm, Roma served as a federal law clerk for the Honorable J. Michael Deasy (retired) and Honorable Mark W. Vaughn (retired) of the U.S. Bankruptcy Court for the District of New Hampshire. She also has worked for multiple New York City law firms, representing client in commercial and corporate bankruptcy matters.

### ADAM R. PRESCOTT

Adam R. Prescott is a member of BSSN's Business Restructuring and Insolvency Practice Group. In his practice, Adam assists various corporate clients in matters including chapter 11 reorganizations and bankruptcy-related litigation. Prior to joining BSSN, Adam worked as an associate at Wilmer Cutler Pickering Hale and Dorr in Washington, D.C., and he also clerked for the Honorable Rudolph Contreras at the U.S. District Court for the District of

Columbia.  Adam earned his J.D. from the College of William & Mary School of Law and his B.S. from Trinity College in Hartford, Connecticut.

## KARLA M. QUIRK

Karla Quirk is a paralegal in the Business Restructuring and Insolvency Practice Group. Karla served as a legal assistant at Bernstein Shur before being promoted to paralegal in 2012. She was previously employed at Verrill Dana LLP where she worked as a paralegal.

## ANGELA L. STEWART

Angela is a paralegal in the Business Restructuring and Insolvency Practice Group. Angela has worked as a paralegal since 1997.  She holds a B.A. in Public Management from the University of Maine.