**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | |
|---|---|
| In re: | Chapter 11 |
| Terrance J. McClinch, | Case No. 18-10568 |
| Debtor. | |

**AFFIDAVIT OF MARK F. STICKNEY IN SUPPORT OF DEBTOR'S APPLICATION TO EMPLOY AND RETAIN MARK F. STICKNEY AND SPINGLASS MANAGEMENT GROUP, LLC TO PROVIDE FINANCIAL CONSULTATION SERVICES AND TO ASSIST THE DEBTOR IN EXECUTING HIS OBLIGATIONS AS DEBTOR-IN-POSSESSION**

I, Mark F. Stickney, hereby depose and state as follows:

1. I am the Principal at Spinglass Management Group, LLC ("Spinglass").

2. I submit this Affidavit in the chapter 11 case of Terrance J. McClinch (the "Debtor") in support of the Application to Employ and Retain Mark F. Stickney and Spinglass Management Group, LLC to Provide Financial Consultation Services and to Assist the Debtor in Executing His Obligations as Debtor-in-Possession (the "Application").

**DISINTERESTEDNESS OF PROFESSIONALS**

3. I am not related and, to the best of knowledge, no other professional at Spinglass is related, to any United States Bankruptcy Judge in this District or the United States Trustee for this District or any employee thereof.

4. In accordance with Local Rule 2014-1:

   (a) Based on Spinglass's conflicts search conducted to date and described herein, to the best of my knowledge, neither I, nor Spinglass, nor any member thereof, insofar as I have been able to ascertain, holds an interest adverse to the Debtor, its creditors, or any other party in interest, or their respective attorneys and accountants. Spinglass's connections with creditors and other parties in interest are disclosed below; Spinglass believes that none of those connections is disqualifying under the applicable statutes and rules.

1

    (b)    I am, and each member of Spinglass is, a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code, as modified by § 1107(b) of the Bankruptcy Code, in that Spinglass and its employees and members:

        (i)    are not creditors (except to the extent permitted under the Bankruptcy Code and established precedent), equity security holders or insiders of the Debtor; and

        (ii)    are not and were not, within two (2) years before the date of filing of the Debtor's case, directors, officers, or employees of the Debtor.

5.    In the year prior to the Petition Date, the Debtor paid to Spinglass through one of his related entities a total of $26,156.73 in fees and costs incurred prepetition. Out of this total, $23,000 was a general security retainer for future services, with a remaining unused balance of $2,816.50 as of the filing date.

6.    Spinglass is currently holding a general security retainer in relation to its representation of the Debtor, and related entities of the Debtor, in the amount of $2,816.50.

7.    Spinglass has conducted a search of its computerized database (the "Conflict Check System") for its connection to the persons and entities listed on **Exhibit A** attached to this Affidavit. In addition to searches using the Conflict Check System, all of Spinglass's members have been e-mailed the list contained in **Exhibit A**. Each member has been asked to identify any connections or relationships with such persons or entities. The information listed on **Exhibit A** may be updated or may change during the pendency of the Debtor's bankruptcy case. I will update this Affidavit when necessary and promptly after I become aware of additional material information.

8.    Spinglass discloses the following known connections between itself or its affiliates and the creditors, affiliates, and/or contract counterparties of the Debtor:

    (a)    Bank of America is a current vendor to Spinglass.

    (b)    Camden National Bank is a former client of Spinglass.

(c) American Express is a current credit card vendor of Spinglass.

(d) Chase Card is a current credit card vendor of Spinglass.

(e) DirecTV is a former vendor of Spinglass.

(f) Central Maine Power is a current vendor of Spinglass.

(g) Maine Capital Group is a lender for multiple clients of Spinglass.

(h) Coastal Realty Capital is a lender for multiple clients of Spinglass.

(i) Circle 9 Cattle Company, LLC is a current client of Spinglass.

(j) Candlelight Farms Aviation, LLC is a current client of Spinglass.

(k) For the past two years, Kelly, Remmel & Zimmerman ("KRZ") has acted as the clerk of Spinglass and its affiliated entities. In that capacity, KRZ has performed administrative services only and has not provided substantive legal advice to Spinglass or its affiliated entities.

(l) In my personal capacity, I have consulted with Barry Zimmerman at KRZ regarding a will for a family member. That personal matter is unrelated to Spinglass or its affiliated entities.

9. With respect to the parties referred to above, Spinglass has not and will not represent such party in any matters related to the Debtor's bankruptcy case, except that Spinglass will seek approval from the Court to be retained as a professional in the bankruptcy cases of Circle 9 Cattle Company, LLC and Candlelight Farms Aviation, LLC. Moreover, in the past Spinglass may have served as a professional person in matters wholly unrelated to the Debtor or its bankruptcy case, in which many other attorneys, accountants, and other professionals of the Debtor, creditors, or other parties in interest also may have served or serve as professional persons.

## SCOPE OF ENGAGEMENT

10. Subject to Court approval, Spinglass and Stickney will hold and perform all of the powers and duties to manage the day-to-day operations and debtor-in-possession obligations of the Debtor as a trustee would have if appointed under § 1104 of the Bankruptcy Code, as such

powers and duties are described in § 1106 of the Bankruptcy Code; provided, however, that the Debtor shall maintain control and final decision making authority as it pertains to the significant, non-ordinary course decisions in the case, such as the disposition of all or material portions of the Debtor's assets, conversion or dismissal of the case, and the terms of any plan of reorganization or liquidation.

11. Without limiting the powers and duties of Spinglass and Stickney as set forth above, specific services that may be rendered shall include: (a) assisting the Debtor and the Debtor's counsel in proposing, confirming, and implementing a plan of reorganization; (b) reviewing and managing the Debtor's financial affairs, including, but not limited to, analyzing the Debtor's debt, collateral, and financial status, and establishing and operating the Debtor's bank accounts and paying ordinary and necessary costs of the estate; (c) preparing schedules, monthly operating reports, and other required reporting; (d) assisting the Debtor in negotiations with prospective buyers of the Debtor's assets; (e) consulting with and directing counsel for the Debtor regarding the Debtor's bankruptcy case; (f) communicating with creditors regarding the Debtor's bankruptcy case; (g) assisting the Debtor's counsel in reviewing and objecting to claims; and (h) providing guidance and rendering decisions on behalf of the Debtor in regard to the Debtor's day-to-day obligations as debtor-in-possession

## **PROFESSIONAL COMPENSATION**

12. The Debtor does not currently owe Spinglass any money. A brief biography of each Spinglass professional who may work on the Debtor's bankruptcy case is included at **Exhibit B** to this Affidavit.

13. Premised on the Debtor's current financial and liquidity issues, the Debtor is currently unable to fund fees to Spinglass. As a result, currently, any obligations owed to

Spinglass as a result of the bankruptcy case will be paid by 85 Thorpe Street Corporation ("Thorpe Street"), subject to Court approval.

14. In accordance with Local Rule 2014-3, Thorpe Street proposes to pay Spinglass its customary hourly rates for representation of debtors in reorganization cases in effect as set forth in the Affidavit. Spinglass's hourly rates are set at levels designed to fairly compensate Spinglass for its professional services and to cover fixed and routine overhead expenses. Hourly rates vary with the experience and seniority of the individuals assigned. The hourly rates to be charged for services rendered in connection with the Debtor's bankruptcy case are set forth in the Affidavit. These hourly rates are subject to change from time to time in accordance with Spinglass's customary billing practices and procedures. Spinglass also seeks to be reimbursed for its actual and necessary expenses incurred in connection with the services discussed above.

15. Despite the funding to be provided by Thorpe Street, Spinglass intends to apply to the Court for compensation for professional services rendered and reimbursement of expenses incurred in connection with his bankruptcy case in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, and any applicable orders of this Court; provided, however, that the fees and expenses may be funded by Thorpe Street in accordance with ordinary invoicing from Spinglass. Alternatively, if Stickney is not employed as a professional under § 327 of the Bankruptcy Code, but rather under §§ 105 and 363, Spinglass proposes to file with the Bankruptcy Court and cause to be served on the U.S. Trustee a monthly statement of the hours worked by, expenses incurred by, and amounts paid to Stickney and others at Spinglass for their work for the Debtor.

16.     I understand that the above funding arrangement with Thorpe Street has been fully disclosed to the Debtor, and the Debtor has expressly consented to the arrangement. The funding arrangement also has been disclosed to Thorpe Street and its counsel, and it has been made clear to Thorpe Street that Spinglass's loyalty is to the Debtor, not Thorpe Street. Spinglass and the Debtor have fully disclosed the funding arrangement to the Court through the Application and this Affidavit.

17.     Because of the variety and complexity of the services that are required, Spinglass is unable to precisely estimate the total cost of services to be rendered in the Debtor's case.

18.     Further, the Debtor requests entry of an order by the Court that the Debtor and its estate shall indemnify and hold harmless Stickney, Spinglass, and Spinglass's officers, directors, principals, agents, and employees (collectively, the "Indemnified Persons"), from and against any and all claims, liabilities, damages, obligations, costs, and expenses (including reasonable attorneys' fees and expenses and costs of investigation) arising out of or relating to this retention, and the Indemnified Persons shall not be liable for any acts of omission or commission in such capacity, except to the extent that any such claim, liability, obligation, damages, cost, or expense shall have been determined in a final, non-appealable order of a court of competent jurisdiction to have resulted from the gross negligence or willful misconduct of the Indemnified Persons or persons in respect of whom such liability is asserted.

19.     The hourly rates to be charged for services rendered in connection with the Debtor's bankruptcy case are as follows:

| | |
|---|---|
| Mark F. Stickney | $300.00 |
| Valentyna Koval | $125.00 |
| Cory Andrews | $75.00 |
| Dajana Derman | $70.00 |

6

20. I hereby represent that Spinglass has not agreed to share with any person the compensation to be paid for services rendered in the bankruptcy case except those who may be employed by Spinglass.

Dated: November 1, 2018

_____
Mark F. Stickney

STATE OF MAINE  
COUNTY OF CUMBERLAND

November 1, 2018

    Personally appeared before me the above-named Mark F. Stickney and acknowledged under oath that the foregoing is true to the best of his personal knowledge, information and belief.

_____
Notary Public/Attorney  
My Commission Expires: 12-28-2023

[Notary seal: STEPHEN COLLINS, EXP. 12/28/2023, MAINE, NOTARY PUBLIC]

Bank of America
Camden National Bank
Coastal Realty Capital, LLC / Maine Capital Group
Town of Fairfield CT
TPL Financial Services
Aquarion Water Company
American Express
Artisan Boatworks
Boothbay Family Dentistry
Boothbay Region Water District
Cambridge Mutual Fire Insurance, Co.
Central Maine Power
Chase Card
Coastal Designers & Consultants, Inc.
Credit Center
Credit Information Bureau
Design Associates, Inc.
DirecTV
Diversified Consultants
Downeast Lanscaping
Folger-Kunkle Plumbing and Heating
Frontier Communications
Goldman, Grunder & Woods, LLC
Harris & Harris, Inc.
MaineHealth MMP Cardiology
Preti Flaherty
Robert Hansen Landscaping
Southern Connecticut Gas Co.
The Thomas Agency
Town of Boothbay
First Interstate Bank
Maine Capital Group
Town of New Milford CT
Joseph Lonski
Circle 9 Cattle Company, LLC
Candlelight Farms Aviation, LLC
Blum Shapiro
Pools and Technologies, Inc.
R.D Scinto, Inc.

**EXHIBIT B**

**Mark F. Stickney**

Mark has over thirty two years of financial management experience, twenty three of which are in management consulting. He has worked with companies as a senior management advisor in areas such as business reorganization, acquisition, operational review, debt restructuring, and interim management. He has served as a Receiver and a Chapter 11 Trustee, with clearance from the Department of Justice, Office for United States Trustee in the Districts of Maine, Massachusetts, New Hampshire, and Rhode Island. Mark has also served as the restructuring CFO for a publicly traded (NASDAQ) restaurant chain; as a forensic examiner for a $40 million health care related entity; as CFO for a $140 million distribution, manufacturing and direct marketing company; as CRO for a $165 million wholesale distributor; as restructuring advisor for a $500 million fuel related distributor with multi-unit retail establishments; as CRO for a $40 million defense contract manufacturer; as CFO of a startup VC backed medical device company; as a restructuring professional with a $360 million NASDAQ traded contract food service provider; as restructuring professional for a 33 building, 11 company, real estate entity in Chapter 11 bankruptcy with 23 different secured creditors; and as acting CFO, CRO, financial advisor, and litigation support in numerous business reorganization and transaction environments.

Mark began his career in public accounting and spent five years with KPMG Peat Marwick, where he earned a designation as a Certified Public Accountant and was trained in numerous forensic accounting engagements. Mark has earned a B.S. from the University of Maine, an MBA from the University of Southern Maine, and successfully completed the course work and comprehensive exams in a Ph.D. program in Organizational Behavior from the University of Maine.

**Valentyna Koval**

Valentyna brings over 7 years of experience in the field of accounting and financial analysis to her role as a Senior Consultant with Spinglass. She assists the firm's clients with accounting restructures and management, financial analysis, accounting support for bankruptcy cases, mergers and acquisitions, refinancing efforts, and collateral analysis. Valentyna has been equally helpful in the distress cases, start-ups, and day-to-day accounting operations.

Valentyna's background includes serving as an outsourced accounting manager for a number of small businesses paired with an extensive experience in customer service and the hospitality industry. While working with clients, her goal is to perform quality work and staying mindful of the people behind the numbers and holistic nature of the business.

Valentyna's earned Master's Degree in Linguistics from Cherkasy State Technological University in Ukraine and Associates Degree in Accounting from York County Community College in Wells, ME.

**Cory Andrews**

As Financial Analyst, Cory assists in the areas of accounting system, reporting, financial analysis, negotiation, debt restructuring and forensic accounting. His education background includes Bachelor's Degree in Business Administration with a major in Finance and minor in Psychology from University of Maine.

Cory owned and operated a painting company for 4 years. With this practical knowledge, Cory brings extensive experience in sales, management and profit management to Spinglass.

**Dajana Derman**

Dajana is responsible for a diverse set of administrative tasks. She performs bookkeeping tasks, oversees that the office is run smoothly and works closely with the team to ensure the overall success of the firm. She enjoys that she is presented with new challenges each day. Due to her eagerness to learn, she will take on any task and enjoys seeing it to completion. Dajana is a gregarious, communicative and self-motivated person. She thrives on a challenging work load and continuous learning. Originally from Bosnia and Herzegovina, she moved to the US two years ago. Dajana loves to travel and has visited over 16 countries with plans to visit many more.