## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MAINE

| | |
|---|---|
| In re:<br><br>Terrance J. McClinch,<br><br>        Debtor. | Chapter 11<br><br>Case No. 18-10568 |

**MOTION FOR ORDER AUTHORIZING: (A) SALE OF CERTAIN OF THE DEBTOR'S PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES; (B) PAYMENT OF COMMISSION TO DEBTOR'S REAL ESTATE BROKER; AND (C) DISTRIBUTION OF SALE PROCEEDS AT CLOSING TO CERTAIN SECURED PARTIES AND BROKER**

Terrance J. McClinch, the debtor and debtor-in-possession in the above-captioned chapter 11 bankruptcy case (the "Debtor"), hereby moves (the "Motion") this Court for entry of an order authorizing the following relief: (a) the sale of the Debtor's property generally located at 5 and 11 Alley Road, East Boothbay, Maine, free and clear of all liens, claims, and encumbrances to Thomas V. Hultin and Linda C. Hultin ("Buyers") in accordance with the Purchase and Sale Agreement (the "Agreement"), a copy of which is attached hereto as **Exhibit A**; (b) payment of a commission to the Debtor's real estate broker upon the closing of the sale; and (c) distribution of certain of the proceeds from the sale at closing in the manner specifically set forth herein.  In support of the Motion, the Debtor states the following:

### JURISDICTION AND VENUE

1.    The United States District Court for the District of Maine (the "District Court") has original, but not exclusive, jurisdiction over the Debtor's chapter 11 case pursuant to 28 U.S.C. § 1334(b).  Pursuant to 28 U.S.C. § 157 and Rule 83.6 of the District Court's local rules, the District Court has authority to refer and has referred this proceeding to this Court.

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court has constitutional authority to enter final judgment in this proceeding.

3.      Venue over the chapter 11 case is proper in this district pursuant to 28 U.S.C. § 1408, and venue over this proceeding is proper in this district pursuant to 28 U.S.C. § 1409.

## BACKGROUND

4.      On September 27, 2018, the Debtor filed a petition for relief under chapter 11 of the Bankruptcy Code.  No trustee or examiner has been appointed in the Debtor's chapter 11 case, and no official committee has been appointed or designated.

5.      The Debtor owns several pieces of real property.  Two of these properties are the real properties generally located at 5 and 11 Alley Road, East Boothbay, Maine.  These properties consist of a residence and a cottage that is located adjacent to the residence (collectively, as are more specifically described in the Agreement, the "Properties").

6.      Prior to the Petition Date, the Debtor purchased the Properties and the seller of the Properties, Joseph and Madeline M. Lonski (the "Original Sellers") financed **$800,000.00** of the purchase price.  The Original Sellers secured the **$800,000.00** financing with a mortgage against the Properties.[1]

7.      In addition to the mortgage granted to the Original Sellers, the Properties are also encumbered by a judgment lien in favor of Mid-Coast Energy Systems, which judgment lien was recorded on June 27, 2018 in the Lincoln County Registry of Deeds at Book 5272, Page 283 (the "Mid-Coast Judgment").  The Mid-Coast Judgment is in the amount of **$15,532.00**.

---

[1] As of the Petition Date, Coastal Realty Capital, LLC ("Coastal") held a third position mortgage against the Properties.  The Coastal debt, however, has been satisfied from the proceeds of the sale a separate parcel of real property owned by Circle 9 Cattle Company, LLC, an affiliated chapter 11 debtor of the Debtor.

8.      Prior to the Petition Date, on November 13, 2017, the Debtor entered into a listing agreement (the "Listing Agreement") for the Properties with Legacy Properties (the "Broker"). Under the terms of the Listing Agreement, the Broker is entitled to a commission equal to 6% of the sale price of the Properties.  As of the date of the Agreement, the Properties were on the market for $995,000.00.

9.      On January 18, 2018, the Debtor and the Buyers entered into the Agreement.  The terms of the Agreement are summarized below and are more fully set forth in the Agreement.[2]

**Purchase Price**: The total purchase price to be paid by Buyers for Debtor's right, title, and interest in the Properties (and certain personal property to be agreed to by the Buyers and the Debtor) is **$950,000.00** (the "Purchase Price").

**Contingencies**:  There is no financing contingency, however, the sale is subject to certain standard due diligence conditions for a real estate transaction of this type, which conditions must be satisfied within 15 days of the effective date of the Agreement.

**Personal Property**:  The sale includes certain personal property to be agreed upon by the Buyer and the Debtor (the personal property to be included in the sale, together with the Properties, shall continue to be referred to as the "Properties").

### RELIEF REQUESTED

10.      The Debtor requests the entry of an order authorizing the following: (a) the sale of the Properties free and clear of all liens, claims, and encumbrances to Buyers in accordance with the Agreement; (b) payment of a commission to the Broker upon the closing of the sale to Buyers; and (c) distribution of the proceeds from the sale at closing in the manner specifically set forth herein, including in full and final satisfaction of the claims of certain secured creditors.

### GROUNDS FOR RELIEF

---

[2] The description of the Agreement set forth in this Motion is qualified in its entirety by the Agreement, which should be consulted for a full recitation of its terms and conditions.  To the extent that there are any inconsistencies between this Motion and the Agreement, the Agreement shall control.

**A.    The Debtor Requests that this Court Approve The Sale of the Properties Free and Clear of All Liens, Claims, and Interests Pursuant to § 363 of the Bankruptcy Code.**

11.    Section 363(b) of the Bankruptcy Code provides that a debtor-in-possession may sell property of the estate "other than in the ordinary course of business" after notice and a hearing.  11 U.S.C. § 363(b)(1).  A debtor's sale of property outside the ordinary course of business should be approved if the debtor demonstrates a sound business justification for the proposed transaction.  See In re SW Boston Hotel Venture, LLC, No. 10-14535-JNF, 2010 WL 3396863, at *3 (Bankr. D. Mass. Aug. 27, 2010) ("Courts approve a Chapter 11 debtor in possession's use, sale or lease of property of the estate where the debtor has used reasonable business judgment and articulated a business justification for such use."); Comm. of Equity Sec. Holders v. Lionel Corp., 722 F.2d 1063, 1070 (2d Cir. 1983); In re United Healthcare Sys., Inc., Civ. No. 9701159, 1997 WL 176574, at *4, n.2 (D.N.J. Mar. 26, 1997).

12.    Here, there is a "sound business purpose" for selling the Properties under the terms set forth in the Agreement.  The Debtor has been actively marketing the Properties for sale, and the Debtor submits that the sale of the Properties under the terms of the Agreement is in the best interests of the estate and creditors because, upon closing, the proceeds will be sufficient to pay all creditors holding liens against the Properties in full and will also leave excess proceeds to be held by the Debtor (with the claims of the Original Sellers being in an amount agreed to by the Debtor and the Original Sellers).  In addition, the Debtor continues to incur significant carrying costs relating to the Properties, and the Debtor has taken those costs into consideration when agreeing to enter into the Agreement at this time.

13.    Courts approving a § 363 sale also have required that the sale price be fair and reasonable, and that the sale be the result of good faith negotiations with the buyer.  See e.g., In re Abbotts Dairies of Pa., 788 F.2d 143, 147-50 (3d Cir. 1986).  The Debtor submits that the

4

negotiation of the Agreement has been, and continues to be, conducted in a fair manner between the Debtor and the Buyers.  Further, the Debtor has made continued efforts prior to and after the Petition Date to secure offers for the purchase of the Properties.  The Debtor submits that the Purchase Price is fair and reasonable under the circumstances, the consideration of which includes the avoidance of additional carrying costs to the Debtor if the Properties were not sold until a later date.

14.     Section 363(f) of the Bankruptcy Code provides that a trustee or debtor-in-possession may sell property "free and clear of any interest in such property of an entity other than the estate" if at least one of the several conditions enumerated in section 363(f) is satisfied. 11 U.S.C. § 363(f)(1)-(5).  Here, the Debtor satisfies § 363(f)(3), which provides that "[t]he trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if . . . such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property."  11 U.S.C. § 363(f)(3).  As set forth herein, the Purchase Price is sufficient to pay the claims of all creditors with liens on the Properties in full (with the claim of the Original Sellers being set by agreement of the Debtor and the Original Sellers) and the price of the Properties, therefore, exceeds the aggregate value of all liens on the Properties.  Additionally, premised on the Original Sellers' consent to the sale and premised on the fact that the Mid-Coast Judgment will be paid in full from the proceeds of the sale, the Debtor believes that the "consent" requirement of section 363(f)(2) of the Bankruptcy Code is or will also be satisfied.

15.     Further, the Agreement is being entered into without fraud or collusion by both the Debtor and Buyers.  The Debtor, therefore, requests that this Court expressly find that Buyers are good faith purchasers for value, that Buyers are released of any and all liability, if any, owed

to any creditor of the estate, and that Buyers are entitled to the protections afforded under §

363(m) of the Bankruptcy Code.  See 11 U.S.C. § 363(m).

**B.      The Debtor Requests that the Court Authorize the Debtor to Pay a Commission to the Broker Through a Distribution of the Sale Proceeds at Closing.**

16.      As set forth above, on November 13, 2017, the Debtor and the Broker entered in

the Listing Agreement.  Through this Motion, the Debtor seeks Court approval to pay a

commission to the Broker for the services on behalf of the Debtor as part of the distribution of

the proceeds upon closing of the sale.

17.      Specifically, under the Listing Agreement, the Broker is entitled to a commission

equal to 6% of the sale price.  In this case, the commission is being shared with the Buyers'

broker.  The Broker has spent more than one year marketing the Properties and providing advice

to the Debtor on the sale process.    Based on these efforts to sell the Properties, the Debtor

submits that payment of the commission is fair and reasonable under the circumstances.

**C.      The Debtor Requests that the Court Authorize the Distribution of Proceeds from the Sale upon the Closing of the Sale.**

18.      Premised on the foregoing, the Debtor requests that the Court authorize the

Debtor to distribute the proceeds from the sale of the Properties upon the closing of the sale as

follows (certain amounts may change premised on actual attorneys' fees and costs of parties

entitled to collect such amounts from the Debtor and premised on interest charges and the date of

closing (based on per diem adjustments)): (a) **$785,318.97** to the Original Sellers (increased by a

per diem interest amount of $92.40 after February 14, 2019); (b) **$15,532.00** in relation to the

Mid-Coast Judgement; and (c) **$57,000.00** to the Broker.

**NOTICE**

19.      Notice of this Motion and the related notice of hearing and proposed order was

served on the following parties on the date and in the manner set forth in the certificate of

service: (a) all creditors, or if applicable, to counsel representing such creditors; (b) the U.S. Trustee; (c) applicable local, state, and federal taxing authorities; (d) the Buyers; and (e) all parties having filed requests for notices in this case.

## **CONCLUSION**

20.    WHEREFORE, the Debtor respectfully requests that the Court enter an order: (i) granting the relief requested herein in the form of an order substantially similar to the proposed order filed herewith; and (ii) granting any other relief that the Court deems fair and reasonable.

Dated:  January 24, 2019

**TERRANCE J. MCCLINCH**

By his attorneys:

*/s/ Sam Anderson*
Sam Anderson, Esq.
Adam Prescott, Esq.
BERNSTEIN, SHUR, SAWYER & NELSON, P.A.
100 Middle Street
PO Box 9729
Portland, Maine 04104-5029
Tel. (207) 774-1200
Fax. (207) 774-1127
Email: sanderson@bernsteinshur.com
            aprescott@bernsteinshur.com