**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re: | Chapter 11 |
| Terrance J. McClinch, | Case No. 18-10568 |
| Debtor. | |

**ORDER GRANTING MOTION FOR ORDER AUTHORIZING: (A) SALE OF CERTAIN OF THE DEBTOR'S PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES; (B) PAYMENT OF COMMISSION TO DEBTOR'S REAL ESTATE BROKER; AND (C) DISTRIBUTION OF SALE PROCEEDS AT CLOSING TO CERTAIN SECURED PARTIES AND BROKER**

This matter having come before the Court on the Motion for Order Authorizing: (A) Sale of Certain of the Debtor's Property Free and Clear of Liens, Claims, and Encumbrances; (B) Payment of Commission to Debtor's Real Estate Broker; and (C) Distribution of Sale Proceeds at Closing to Certain Secured Parties and Broker [Dkt. No. _____] (the "Motion"), filed by Terrance J. McClinch (the "Debtor"), seeking entry of an order authorizing the following relief: (i) the sale of the Properties[1] free and clear of all liens, claims, and encumbrances to Buyers in accordance with the Agreement; (ii) payment of a commission to the Broker upon the closing of the sale; and (iii) distribution of the proceeds from the sale at closing in the manner specifically set forth herein, including in full and final satisfaction of the claims of certain secured parties; a hearing having been held on February 14, 2019; all parties in interest having been afforded an opportunity to be heard with respect to the Motion and all of the relief related thereto; it appearing that the relief requested by the Motion is in the best interests of the Debtor, his estate and creditors, and

---

[1] Capitalized terms used, but not defined herein, shall have the meanings ascribed to such terms in the Motion.

other parties in interest, and after due deliberation thereon and sufficient cause appearing therefore, the Court hereby finds as follows:

    A.    This Court has jurisdiction over all assets of the Debtor and his chapter 11 estate, including, without limitation, the Properties, and the Court has all necessary power and authority to grant the relief contained herein. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2). Venue of this case and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

    B.    As evidenced by the certificate of service filed with the Court, proper, timely, adequate and sufficient notice of the Motion has been provided under the circumstances.

    C.    The Agreement is the result of the Debtor's efforts to maximize recoveries to the Debtor's estate for the benefit of creditors.

    D.    The Debtor has demonstrated good, sufficient, and sound business purposes and justification for the sale of the Properties.

    E.    The actions to be taken by the Debtor and Buyers are appropriate under the circumstances of this chapter 11 case and are in the best interests of the Debtor, his estate, his creditors, and other parties in interest. Approval of the Agreement and of the sale at this time is in the best interests of the Debtor, his estate, his creditors, and all other parties in interest.

    F.    The Agreement was negotiated, proposed, and entered into by the Debtor and Buyers without collusion, in good faith, and based upon arm's-length bargaining. Buyers are not "insiders" or "affiliates" of the Debtor (as such terms are defined in the Bankruptcy Code).

    G.    Buyers are acting, with respect to the Agreement, and the transactions contemplated thereby, as good faith purchasers (as that term is used in the Bankruptcy Code) and are, accordingly, entitled to all of the protections set forth in § 363(m) of the Bankruptcy Code.

Buyers will be acting in good faith within the meaning of 11 U.S.C. § 363(m) in closing the transactions contemplated by the Agreement.

H. The Agreement must be approved promptly in order to preserve the value of the Debtor's estate for the benefit of creditors.

I. The Debtor may sell the Properties free and clear of any and all liens, claims, and interests of any kind or nature whatsoever, including any rights or claims based on any putative successor or transferee liability, because, in each case, one or more of the standards set forth in § 363(f)(1)-(5) of the Bankruptcy Code has been satisfied.

J. Upon closing of the sale, the transfer of the Properties to Buyers shall be a legal, valid, and effective transfer of the Properties and shall vest Buyers with all right, title, and interest of the Debtor in, to and under the Properties free and clear of any and all liens, claims, and interests.

K. Under the circumstances of and on the record of this case, the Court hereby finds that good cause exists to waive and vacate the stay imposed by Bankruptcy Rule 6004(h). Accordingly, such stay is hereby vacated and shall have no application to the relief afforded by this Order.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1. The Motion is granted, and the relief requested therein is granted, as is further described herein.

2. All objections, if any, to the entry of this Order or the relief granted herein and requested in the Motion, that have not been withdrawn, waived, or settled, or not otherwise resolved pursuant to the terms hereof, if any, are denied and overruled.

3. The Agreement and all of its terms, conditions, schedules, exhibits, and ancillary documents are fully and finally approved. Pursuant to §§ 105 and 363 of the Bankruptcy Code, the Debtor is authorized and directed to take any and all actions necessary to fulfill his obligations under, and comply with the terms of, the Agreement and to consummate the sale pursuant to, and in accordance with, the terms and conditions of the Agreement and this Order, without further leave of the Court. The Debtor is authorized to take any and all further actions as may reasonably be requested by Buyers for the purpose of assigning, transferring, granting, conveying, and conferring to Buyers, the Properties or as may be necessary or appropriate to the performance of the Debtor's obligations as contemplated by the Agreement without further leave of Court.

4. This Order shall be binding in all respects upon all known and unknown creditors of the Debtor and any and all other parties in interest, including, without limitation, any holders of liens, claims, and interests (including holders of any rights or claims based on any putative successor or transferee liability).

5. Pursuant to §§ 105(a) and 363(f) of the Bankruptcy Code, upon the closing and payment of the Purchase Price, the Properties shall be transferred to Buyers free and clear of any and all liens, claims, and interests, whether in law or in equity, known or unknown, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, material or non-material, disputed or undisputed, direct or indirect, and whether arising by agreement, understanding, law, equity or otherwise, and whether occurring or arising before, on or after the Petition Date, or occurring or arising prior to the closing.

6. The Debtor and Buyers shall be authorized and empowered to take all actions and to execute and deliver any and all documents and instruments that the Debtor or Buyers deem necessary or appropriate to implement and effectuate the terms of the Agreement and this Order.

7. The sale free and clear of liens, claims, and interests is self-executing, and neither the Debtor nor Buyers shall be required to execute or file releases, termination statements, assignments, consents, or other instruments to effectuate, consummate, and implement the provisions of this Order.

8. The sale and any other transactions contemplated by the Agreement are undertaken by Buyers without collusion and in good faith in accordance with § 363(m) of the Bankruptcy Code.  Accordingly, the reversal or modification on appeal of the authorization provided in this Order to consummate the sale shall not affect the validity of the sale or the Agreement.  Buyers are purchasers in good faith of the Properties pursuant to the Agreement and are entitled to all the protections afforded by § 363(m) of the Bankruptcy Code.

9. The automatic stay provisions of § 362 of the Bankruptcy Code are lifted and modified to the extent necessary to implement the terms and conditions of the Agreement and the provisions of this Order.

10. The failure to specifically include any particular provision of the Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Agreement be authorized and approved in its entirety.

11. The Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto and in accordance with the terms thereof, without further order of the Court, provided that: (i) Buyers consent to any such

modification, amendment, or supplement in writing; and (ii) any such modification, amendment, or supplement does not have a material adverse effect on the Debtor's estate.

12. Upon the closing of the sale as provided for by the Agreement, the Debtor is hereby authorized to distribute from the proceeds of such sale the following amounts: (a) **$785,318.97** to the Original Sellers (increased by per diem interest of **$92.40** after February 14, 2019); (b) **$57,000.00** to the Broker; (c) **$15,532.00** in relation to the Mid-Coast Judgment; and (d) real estate taxes prorated as provided for by the Agreement.

13. The payment amounts set forth above shall constitute the full and final satisfaction of all debt obligations owed to: (a) the Original Sellers; (b) Mid-Coast Energy Systems; and (c) the Broker (including any agents of the Broker and any broker relating to the Buyers).

14. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall not be stayed and shall be effective immediately upon entry, and the Debtor and Buyers are authorized to close the sale at the earliest practicable time under the terms of the Agreement upon the entry of this Order.

15. This Court retains jurisdiction, pursuant to its statutory powers under 28 U.S.C. § 157(b)(2), to, among other things, interpret, implement, and enforce the terms and provisions of this Order, the Agreement, all amendments thereto, and any waivers and consents thereunder.

Date:

                                              Michael A. Fagone
                                              United States Bankruptcy Court Judge
                                              District of Maine