UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

```
* * * * * * * * * * * * * * * *
                               *
In re:                         *
                               *         Chapter 11
Terrance J. McClinch,          *         Case No. 18-10568
                               *
      Debtor                   *
                               *
* * * * * * * * * * * * * * * *
```

**LIMITED OBJECTION TO MOTION FOR ORDER AUTHORIZING: (A) SALE OF CERTAIN OF THE DEBTOR'S PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES; (B) PAYMENT OF COMMISSION TO DEBTOR'S REAL ESTATE BROKER; AND (C) DISTRIBUTION OF SALE PROCEEDS AT CLOSING TO CERTAIN SECURED PARTIES AND BROKER**

NOW COMES the Town of Boothbay (the "Town"), by and through its counsel, and objects to the Motion for Order Authorizing: (A) Sale of Certain of the Debtor's Property Free and Clear of Liens, Claims, and Encumbrances; (B) Payment of Commission to Debtor's Real Estate Broker; and (C) Distribution of Sale Proceeds at Closing to Certain Secured Parties and Broker (the "Sale Motion") filed by the Debtor at Docket No. 76 in this case as follows:

1. The Town has filed Claim Nos. 9 and 10 (collectively, the "Town's Claims") in this case. Claim No. 9 is for real estate taxes assessed and owing upon the Debtor's real estate located at and about 11 Alley Road in Boothbay, Maine (the "First Property"), is in the amount of $3,483.17 as of the date on which this case was filed, and is secured by a real estate tax lien upon the First Property. Claim No. 10 is for real estate taxes assessed and owing upon the Debtor's real estate located at and about 5 Alley Road

in Boothbay, Maine (the "Second Property"), is in the amount of $9,290.36, and is secured by a real estate tax lien upon the Second Property.

2. In the Sale Motion, the Debtor, among other things, seeks authorization from this Court to sell the First Property and the Second Property (collectively, the "Properties") free and clear of liens and encumbrances to certain buyers for a sale price of $950,000.00. The Sale Motion further provides that $857,850.97 of the proceeds of the proposed sale will be distributed to parties other than the Town who hold claims secured by one or both of the Properties. The Sale Motion makes no provision for payment of either of the Town's Claims.

3. The Town's tax liens take priority over all other claims and liens upon the Properties. See 36 M.R.S.A § 552. The Town does not object to the consummation of the proposed sale, but it does object to a failure to distribute the full amount owing on the Town's Claims (including, but not limited to, post-petition interest) to the Town from the proceeds of that sale at the time it is consummated.

4. This Court is required to prohibit or condition any sale of property of the estate as necessary to provide adequate protection to an interest held in that property by a creditor. See 11 U.S.C. § 363(e). The Sale Motion seeks authority to sell the Properties free and clear of the Town's tax liens, makes no provision for payment of the taxes secured by those liens, and does not even provide that the Town will receive replacement liens in the sale proceeds or anything else. Accordingly, the proposed sale must be conditioned by this Court upon payment at the time of the sale of the Town's Claims from the sale proceeds.[1]

---

[1] Although far less desirable to the Town, and practically cumbersome, the sale could, in the alternative, be conditioned upon provision to the Town of replacement security having a quality, amount, priority, and value at least equal to the Town's tax liens on the Properties.

WHEREFORE, the Town prays that this Court: (a) condition the Debtor's proposed sale of the Properties upon payment of the full amount then owed upon the Town's Claims, including, but not limited to, post-petition interest on those Claims; (b) provide the Town with such other and further relief as this Court deems just and proper.

DATED at Portland, Maine, this 6th day of February, 2019.

/s/ F. Bruce Sleeper
F. Bruce Sleeper
Attorney for
Town of Boothbay

JENSEN BAIRD GARDNER & HENRY
Ten Free Street
P.O. Box 4510
Portland, ME  04112
(207) 775-7271
bsleeper@jbgh.com

**CERTIFICATE OF SERVICE**

I certify that, on the date of the above Objection, all parties listed on the Notice of Electronic Filing were served electronically with a copy of that Objection.

/s/ F. Bruce Sleeper
F. Bruce Sleeper
Attorney for
Town of Boothbay