**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re:<br><br>Terrance J. McClinch,<br><br>            Debtor. | Chapter 11<br><br>Case No. 18-10568 |

**MOTION FOR AUTHORIZATION TO USE**
**PREPETITION BANK ACCOUNT**

Terrance J. McClinch, the above-captioned debtor and debtor in possession (the "Debtor"), by and through his undersigned attorneys, hereby moves this Court for entry of an Order authorizing the Debtor to use a prepetition bank account maintained with JP Morgan Chase Bank, N.A. (the "Chase Account"), and, in support hereof, the Debtor states as follows:

### I. Jurisdiction and Background

1. On September 28, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"). No trustee or examiner has been appointed in the Debtor's chapter 11 case, and no creditors' committee has been appointed.

2. This Court has jurisdiction to entertain this motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The predicate for the relief sought herein is § 105(a) of the Bankruptcy Code.

3. The Debtor is an individual who was a Maine resident on the Petition Date. Although the Debtor resided in Maine on the Petition Date (and owned a residence located in East Boothbay, Maine), at the time of the filing, the Debtor was physically in Montana. Prior to the Petition Date, the Debtor had traveled to Montana to inspect property owned by an entity, which entity is, in turn, owned by the Debtor. Since the Petition Date, the Debtor has suffered

- 1 -

from a heart condition.  The heart condition has required that the Debtor travel from Montana to Arizona, then to Minnesota, in relation to seeking the appropriate treatment for the heart condition.  The Debtor currently is staying in Connecticut.

4. Prior to the Petition Date, the Debtor maintained the following bank accounts: (a) the Chase Account; and (b) a checking account at Stockman Bank (the "Stockman Account").  The Stockman Account is now closed.

5. Upon the filing of the chapter 11 case, the Debtor attempted to open debtor in possession accounts with a number of banks approved as authorized depositories by the Office of the United States Trustee (the "UST").  The Debtor, working with counsel and the UST, attempted to open accounts at the following banks: (a) Wells Fargo; (b) TD Bank; (c) Chase; and (d) Axos Bank.  After considerable effort, a debtor in possession account was opened at Axos Bank (the "DIP Account"), but the DIP Account has not been funded.  The Debtor's options for opening an approved debtor in possession account were limited by his medical condition and his presence in Montana at the time, and Axos Bank was the only institution with which the Debtor ultimately was able to successfully open an account.

6. Although the Debtor opened the DIP Account, limitations on the DIP Account have resulted in the Debtor continuing to use the Chase Account.  In particular, Axos Bank does not offer a debit card for the DIP Account, which has restricted the Debtor's ability to use the DIP Account for ordinary purchases, including on the Internet, where checks are not accepted.  In addition, the Debtor would be unable to obtain cash from the DIP Account, which he requires to fund certain bills and payments, including while he has been required to travel.

## II.    Relief Requested

7. By this Motion, the Debtor seeks entry of an Order by this Court authorizing the

continued use of the Chase Account.

### III.    Grounds for Relief

8.    The UST for Region 1, who administers bankruptcy cases filed in the District of Maine, has issued certain Chapter 11 operating guidelines pursuant to 28 U.S.C. § 586.  These guidelines include a requirement that Chapter 11 debtors close all existing bank accounts upon filing of the petition and open new debtor in possession accounts in certain financial institutions designated as authorized depositories by the UST.  These requirements are designed to provide a clear line of demarcation between prepetition and postpetition claims and payments, and help to protect against the inadvertent payment of prepetition claims by preventing the banks from honoring checks drawn before the Petition Date.

9.    In the ordinary course, the Debtor has used the Chase Account to fund his expenses both before and after the Petition Date.  Although the Debtor acknowledges that the UST's requirements serve a useful function in many Chapter 11 cases, the application of those requirements to the instant case would create a needless hardship on the Debtor.  Allowing the Chase Account to be maintained, funded, and used with the same account number will assist the Debtor in meeting his personal expense needs, including for critical medical care, and help ensure a smooth exist from Chapter 11.  Consequently, the Debtor seeks a waiver of the requirement that he closes all prepetition accounts and use only a debtor in possession account.[1]

10.    Bankruptcy Courts within this circuit have previously permitted debtors to utilize their existing bank accounts, finding that such relief is consistent with applicable provisions of the Bankruptcy Code.  See, e.g., In re Androscoggin Energy LLC, Chapter 11 Case No. 04-12221 (LHK) (Bankr. D. Me. December 22, 2004); In re Pegasus Satellite Television, Inc.,

---

[1] The Chase Account has been funded by the proceeds of the sale of the Debtor's property in East Boothbay, Maine, and the Chase Account also has received the residual funds following the dismissal of the Chapter 11 case of Circle 9 Cattle Company, LLC.

Chapter 11 Case No. 04-20878 (JBH) (Bankr. D. Me. June 7, 2004); In re Divine Inc., Chapter 11 Case No. 03-11472 (JNF) (Bankr. D. Mass. 2003); In re ACT Mfg., Inc., Chapter 11 Case No. 01-47641 (JBR) (Bankr. D. Mass. 2001); In re Trend-Lines, Inc., Chapter 11 Case No. 00-15431 (CJK) (Bankr. D. Mass. 2000).

11. Here, the Chase Account is the Debtor's only account from which checks are being written and bills are being paid. The Debtor believes that all checks written on the Chase Account prior to the Petition Date have been honored or dishonored by the drawee. Additionally, the Debtor will continue to use identifiable check numbers for postpetition payments. Accordingly, there is no risk today that claims arising prior to the Petition Date and not covered by an order of the Court will be inadvertently satisfied by the negotiation of checks written prior to the Petition Date. Further, any payments from the Chase Account will continue to be reported in the Debtor's monthly operating report.

WHEREFORE, the Debtor respectfully requests the entry of an Order authorizing and approving the Debtor's continued use of the Chase Account.

Dated: May 28, 2019                    **TERRANCE J. MCCLINCH**

                                              By his counsel:

                                              */s/ D. Sam Anderson*
                                              D. Sam Anderson, Esq.
                                              Adam R. Prescott, Esq.
                                              Bernstein, Shur, Sawyer & Nelson
                                              100 Middle Street
                                              P.O. Box 9729
                                              Portland, Maine 04104-5029