UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

-----------------------------------------------------X
IN RE:                                    CHAPTER 11
Terrance J. McClinch                      CASE NO. 18-10568-MAF

                **Debtor.**
-----------------------------------------------------X

## OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT WITH RESPECT TO DEBTOR'S PLAN OF REORGANIZATION

Now comes MEB Loan Trust ("MEB"), a creditor and party in interest in the above referenced matter, and hereby objects to confirmation of the Debtor's Plan (the "Plan"). As grounds for its objection, MEB states the following:

1. MEB is the current holder of a note executed and delivered by the Debtor to Bank of America, N.A., in the amount of $1,000,000.00, and dated April 25, 2007 and first mortgage, executed and delivered by the Debtor to Bank of America, N.A. dated April 25, 2007, and recorded in the Fairfield Registry of Deeds at Book 3957, Page Number 163 on real estate located at 2661 Congress Street, Fairfield, CT 06824.

2. On September 27, 2018, the Debtor filed a petition for relief under Chapter 11 of the United States Bankruptcy Code.

3. On June 5, 2019, the Debtor filed his Plan of Reorganization.

4. On June 5, 2019, the Debtor filed his Disclosure Statement *With Respect to Debtor's Plan of Reorganization Dated June 5, 2019* ("Disclosure Statement").

5. On January 15, 2019, a Proof of Claim was filed for this claim by the then current holder, Bank of America.

6. On May 16, 2019, a Transfer of Claim was filed, transferring the claim to Select Portfolio Servicing as servicing agent for MEB Loan Trust.

7. Pursuant to the filed Proof of Claim, the total amount of arrears owed as of the petition date is $201,960.56, and the total secured claim as of the filing date was $1,110,467.72.

8. These are the amounts that need to be repaid on a contractual basis through the Debtor's Chapter 11 Plan.

9. The value of the Property, per the Debtor's filed Schedule A is $2,500,000.00.

10. The Disclosure Statement categorizes MEB's claim as "Class One".

11. The Disclosure Statement proposes to impair the treatment of MEB's claim.

12. The Disclosure Statement proposes monthly payments beginning the first day of the first month following the effective date of the plan, with a balloon payment for the entire principal amount to be made with payment of the last payment made under the terms of the plan.

13. MEB's claim is fully secured and needs to be paid per all of the contractual terms of the Note and Mortgage, including but not limited to interest rate, amortization schedule and maturity date.

14. Payoff of the claim of MEB needs to be in full per the terms of a contractual payoff statement to be issued directly by the servicer, rather than the proposed payment of "a balloon payment for the full principal amount."

15. MEB would also be willing to consider an alternative claim treatment consisting of a six month sale plan, with monthly adequate protection payments to be paid at the current contractual payment of $9,245.96, and full payment of the entire claim at closing.

16. MEB's mortgage provides that the borrower is obligated to pay real estate taxes and to main hazard insurance on the property.

17. The Disclosure Statement needs to provide for timely payment of these obligations by the Debtor

18. MEB requires a provision stating that failure to fulfill these obligations constitutes an incident of default under the terms of the Plan.

The Disclosure Statement and Chapter 11 Plan fail to provide full contractual repayment to MEB on an unimpaired basis, payment of ongoing real estate tax and hazard insurance obligations and therefore MEB objects to this proposed treatment of its claim.

WHEREFORE, MEB requests that the Debtor's Plan not be confirmed unless or until said Plan is amended or modified to incorporate the full amount of its claim and its timely repayment on a contractual basis and for all other relief as is just and equitable.

        Respectfully Submitted,
        MEB Loan Trust
        By its attorney,

Dated: July 16, 2019

        <u>/s/ Reneau J. Longoria</u>
        Reneau J. Longoria, Esq., (BBO# 5746)
        Doonan, Graves & Longoria, LLC
        100 Cummings Center
        Suite 225D
        Beverly, MA 01915
        Tel (978) 921-2670
        rjl@dgandl.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

---------------------------------------------------X
**IN RE:**                                    CHAPTER 11
**Terrance J. McClinch**              CASE NO. 18-10568-MAF

        **Debtor.**
---------------------------------------------------X

## CERTIFICATE OF SERVICE

I, Reneau J. Longoria, hereby certify that true and correct copies of the above notice have been served by either electronic notification or by placing same in the United States Mail, postage prepaid, on July 16, 2019 to all of the individuals on the following service list.

    /s/ Reneau J. Longoria
    Reneau J. Longoria, Esq., (BBO# 5746)
    Doonan, Graves & Longoria, LLC
    100 Cummings Center
    Suite 225D
    Beverly, MA 01915
    Tel (978) 921-2670
    rjl@dgandl.com

## SERVICE LIST

**U.S. Trustee**
Office of the U.S. Trustee
537 Congress Street, Suite 300
Portland, ME 04101
**Electronic Notification**

**Counsel for Debtor**
D. Sam Anderson, Esq.
100 Middle Street, West Tower
Portland, ME 04101
**Electronic Notification**

**Debtor**
Terrance J. McClinch
5 & 11 Alley Road
East Boothbay, ME 04544