

EXHIBIT A

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MAINE

| | |
|---|---|
| In re:<br><br>**TERRANCE J. MCCLINCH,**<br><br>Debtor.<br>_____/<br><br>**JOSEPH A. PALSA, IN HIS CAPACITY**<br>**AS TRUSTEE UNDER THE ARTHUR L.**<br>**MCCLINCH TRUST DATED APRIL 3, 1981,**<br><br>Plaintiff,<br><br>v.<br><br>**TERRANCE J. MCCLINCH,**<br><br>Defendant.<br>_____/ | Chapter 11<br>Case No. 18-10568<br>Judge Michael A. Fagone<br><br><br><br><br>Adv. Proc. No. 20-01004 |

### MEMORANDUM OF SETTLEMENT BETWEEN PLAINTIFF JOSEPH A. PALSA, IN HIS CAPACITYAS TRUSTEE UNDER THE ARTHUR L. MCCLINCH TRUST DATED APRIL 3, 1981, AND DEFENDANT TERRANCE J. MCCLINCH

Joseph A. Palsa, in his capacity as Trustee under the Arthur L. McClinch Trust Dated April 3, 1981 (hereinafter, the "Trustee") and Terrance J. McClinch (hereinafter, "Mr. McClinch") (collectively, the "Parties"), agree to the following settlement terms (the following settlement shall be subject to the approval of the Bankruptcy Court for the District of Maine):

1. Payment by Mr. McClinch of a total of $2,750,000 (the "Settlement Amount") to the ALM Trust in the following manner: (a) a credit of $1,300,000.00 against Mr. McClinch's contingent one-fifth (1/5) distributive share of the ALM Trust subject to the consent of Virginia McClinch, all beneficiaries of the ALM Trust, and approval by the Connecticut Probate Court in *In re: Estate of/In the Matter of Arthur L. McClinch under Agreement dated April 3, 1981*, Case No. 12-0604 (Conn. Probate Court, Fairfield County) (the "Connecticut Probate Proceeding"); (b) the balance of $1,450,000.00 shall be paid by a partial assignment of the Scinto note and mortgage in the amount of $1,450,000.00 from the $2,673,832.00

MEMORANDUM OF SETTLEMENT

    due from Scinto Thorpe, LLC to Mr. McClinch or an entity owned by Mr. McClinch pursuant to the Sixth Amendment to Purchase and Sale Agreement. Mr. McClinch would retain $1,223,832.00 from the proceeds paid by Scinto Thorpe, LLC (the "McClinch Payment"). The McClinch Payment shall be reduced by any amounts advanced in accordance with Paragraph 9 below. Payment of the Settlement Amount by Mr. McClinch will be secured by the partial assignment of the first mortgage in favor of the ALM Trust in the amount of $2,673,832.00 on the Thorpe Street Property and cross-collateralized with a second mortgage in favor of the ALM Trust in the amount of $2,750,000.00 on the property owned by Mr. McClinch and his wife located at 2661 Congress Street, Fairfield, Connecticut 06824 (the "Congress Street Property"); provided, however, that only the interests of Mr. McClinch in the Congress Street Property will be subject to the cross-collateralization; interests held by Nancy McClinch will not be so encumbered.

2. Mr. McClinch will consent to entry of a final judgment in the amount of $3,750,000.00 (the "Consent Judgment") in favor of the ALM Trust; provided, however, that there will be no recourse for any amounts above the Settlement Amount against Mr. McClinch, Nancy McClinch, Sean McClinch, and/or Kimberly McClinch (collectively, the "Excepted Parties"). Mr. McClinch will assign to the ALM Trust any and all claims for fraudulent transfer, preferences, and other avoidance actions as permitted by applicable law against third parties (excluding the Excepted Parties). The Consent Judgment shall be reduced by any amounts recovered by the ALM Trust under this settlement or otherwise. To the extent amounts are recovered from third parties prior to the closing and payment under the Scinto Note in excess of $1,000,000.00 (less fees and costs of collection), the amounts owed to the ALM Trust from the Scinto Thorpe LLC shall be reduced on a dollar-for-dollar basis.

3. Mr. McClinch will execute a balance sheet as of the effective date of the Settlement Agreement in a form reasonably acceptable to counsel for the ALM Trust. In the event that Mr. McClinch materially understated his assets or materially overstated his liabilities in the balance sheet, then Mr. McClinch and the McClinch Adult Children will no longer be Excepted Parties under the settlement. For purposes of the Settlement Agreement, the term "material" as used in the balance sheet will be assets or liabilities in excess of $100,000.00.

4. Mr. McClinch will execute and deliver any and all documents necessary to surrender his contingent one-fifth (1/5) distributive share of the ALM Trust contemporaneously with the execution of a definitive written settlement agreement entered into between the Parties.

MEMORANDUM OF SETTLEMENT

5. Mr. McClinch will agree to entry by the Bankruptcy Court of an Order Directing Payment of $2,673,832.00 from Scinto Thorpe, LLC pursuant to the Sixth Amendment to Purchase and Sale Agreement and Release dated as of March 13, 2020, into the registry of the Maine Bankruptcy Court in the above-captioned action pending approval of a proposed Settlement Agreement between the ALM Trust and Mr. McClinch, and will agree to a provision in the Order Directing Payment prohibiting Mr. McClinch from compromising or attempting to compromise, receiving advances or attempting to receive advances on the Scinto Note or engaging in any other act to diminish the value of the Scinto Note pending approval of the settlement by the Bankruptcy Court.

6. Subject to the last sentence of this paragraph, Mr. McClinch and Sean and Kimberly McClinch, Mr. McClinch's adult children (the "McClinch Adult Children"), will provide general releases and covenants not to sue in favor of the Trustee. the Settlor of the ALM Trust, and all beneficiaries and their respective spouses of the ALM Trust in matters relating to the ALM Trust. The Trustee shall provide general releases and covenants not to sue to the McClinch Adult Children relating to the ALM Trust. The Trustee will provide a release and covenant not to sue to Mr. McClinch, except to the extent necessary to permit the ALM Trust to have standing to pursue the claims contemplated in Paragraph 2. To the extent the Settlor of the ALM Trust, and any other beneficiaries and their respective spouses of the ALM Trust wish to receive a general release and covenants not to sue from Mr. McClinch and/or McClinch Adult Children, they must agree to a provide a mutual general release in exchange.

7. Mr. McClinch will cause the McClinch Adult Children to dismiss the Probate Petition with prejudice.

8. Mr. McClinch and the McClinch Adult Children will not object to the Accounting filed by the Trustee in the Connecticut Probate Proceeding, when filed.

9. The Trustee will provide a loan of $150,000.00 to Mr. McClinch, payable as an up-front payment of $50,000.00 upon approval of both the Connecticut Probate Court and the Maine Bankruptcy Court, followed by four equal monthly installments of $25,000.00 each payable on the first day of each month after the up-front payment is made. The $150,000.00 loan will be repaid to the ALM Trust from the $2,673,832.00 payment from Scinto Thorpe, LLC.

10. The ALM Trust shall not be liable for any debt to any remaining creditors of Mr. McClinch's under the Plan of Reorganization (the "Plan"), and McClinch will do all such things as the Bankruptcy Court reasonably requires to secure Bankruptcy Court approval of this settlement.

MEMORANDUM OF SETTLEMENT

11. Immediately upon execution of this Memorandum, Parties will agree to jointly stay the Motion to Convert and all deadlines in the Adversary Proceeding pending approval of the settlement by the Bankruptcy Court. Upon approval of the Settlement Agreement by the Bankruptcy Court, the Trustee shall withdraw the Motion to Convert. The McClinch Adult Children will agree to stay the Connecticut Probate Proceeding pending approval of Mr. McClinch's relinquishment of his interest in the Trust by the Connecticut Probate Court and upon such approval, the stay of the proceeding before the Connecticut Probate Court will be lifted and the Probate Petition will be dismissed with Prejudice.

12. The Parties agree to execute and deliver, or cause to be executed and delivered, such further instruments and do and cause to be done such further acts and things, including the filing of such motions, assignments, agreements, documents, and instruments, as may be necessary or as the other Party may reasonably request in connection with this settlement or to carry out more effectively the provisions and purposes hereof, or better assure and confirm unto such other Party his respective rights and remedies under this settlement.

Please note that all beneficiaries under the ALM Trust must consent to Mr. McClinch's relinquishment of his interest in the ALM Trust and it must be approved by the Connecticut Probate Court to be valid and enforceable. This settlement agreement will also be subject to the approval of not only the Bankruptcy Court, but also the Connecticut Probate Court. Thus, the ability of Mr. McClinch to utilize this mechanism is subject to several contingencies that must be satisfied in order to give him recognition for the credit against the amounts that are due and owing under the ALM Note.

SIGNATURES ON THE NEXT PAGE

MEMORANDUM OF SETTLEMENT

**AGREED AND ACCEPTED:**

Dated: April 27, 2021

_____
Terrance J. McClinch  *[signed: MCM P.O.A for Terrance McClinch]*

**AGREED AND ACCEPTED:**

Dated: April 27, 2021

_____
Joseph A. Palsa, in his capacity as Trustee under the Arthur L. McClinch Trust Dated April 3, 1981

5

MEMORANDUM OF SETTLEMENT

**AGREED AND ACCEPTED:**

Dated: April 27, 2021

_____
Terrance J. McClinch

**AGREED AND ACCEPTED:**

Dated: April 27, 2021

*/s/ Joseph A. Palsa*
_____
Joseph A. Palsa, in his capacity as Trustee under the Arthur L. McClinch Trust Dated April 3, 1981

5