# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MAINE

| | |
|---|---|
| In re | ) |
| | ) |
| | ) Case No. 18-10568 |
| TERRANCE J. MCCLINCH, | ) Chapter 11 |
| | ) |
| Debtor. | ) |
| | ) |

## MOTION TO APPROVE VOLUNTARY WAIVER OF DISCHARGE

The United States Trustee, by and through his undersigned counsel and pursuant to 28 U.S.C. § 586 and 11 U.S.C. §§ 105, 306 and 1141(d)(4), hereby moves the Court to approve the Voluntary Waiver of Discharge for the above-captioned Debtor, Terrance J. McClinch (the "Debtor"), an executed copy of which is attached to this Motion as Exhibit A (the "Waiver"). In support of this Motion, the United States Trustee states as follows:

### I. Jurisdiction and Venue

1. This Court has jurisdiction to hear this matter and enter a final order granting the relief requested herein pursuant to 28 U.S.C. §§ 1334 and 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### II. Facts in Support

2. On September 27, 2018 (the "Petition Date"), the Debtor filed a petition for relief under chapter 11 of the Bankruptcy Code.[1]

3. On June 5, 2019, the Debtor filed his *Plan of Reorganization Dated June 5, 2019* (the "Plan") [D.E. 111]. On October 11, 2019, the Court entered an order confirming the Plan (the

---

[1] With permission from the Debtor, the facts set forth in paragraphs 2-7 herein are taken from the Debtor's Motion for Entry of Order Approving Settlement with the Arthur L. McClinch Trust Pursuant to Federal Rule of Bankruptcy Procedure 9010 (the "Motion to Compromise") [D.E. 214].

"Confirmation Order") [D.E. 144], subject to certain modifications described in the Confirmation Order.

4. Prior to the Petition Date, in October 2014, 185 Thorpe Street Corporation ("185 Thorpe Street Corp."), a real estate holding company solely owned by the Debtor, entered into an agreement (the "Thorpe Street Agreement") with Scinto Thorpe, LLC ("Scinto Thorpe") to sell the real property located at 185 Thorpe Street, Fairfield, Connecticut (the "Thorpe Street Property"). After a series of amendments to the Thorpe Street Agreement, 185 Thorpe Street Corp. transferred title to the Thorpe Street Property to Scinto Thorpe on or about September 25, 2018.

5. On or about March 13, 2020, 185 Thorpe Street Corp. and Scinto Thorpe entered into a further amendment (the "Sixth Amendment") of the Thorpe Street Agreement, which set the final purchase price for the Thorpe Street Property at $7,750,000. The Sixth Amendment provided that after certain advances and other adjustments, the final amount due to 185 Thorpe Street Corp. from Scinto Thorpe is $2,673,832 (the "Scinto Note"), which amount is payable upon the receipt of construction financing for development of the Thorpe Street Property.

6. On February 6, 2020, Palsa filed a *Complaint for Revocation of Confirmation of Debtor's Plan of Reorganization and for Other Relief* (the "Adversary Complaint") [D.E. 165], commencing an adversary proceeding against the Debtor, Case No. 20-01004 (the "Adversary Proceeding"). In the Adversary Complaint, Palsa alleges that the Debtor owes the ALM Trust an amount not less than $2,650,095 on account of the Debtor's defaults under a note between the Debtor and the ALM Trust, and further seeks revocation of the Confirmation Order. The Adversary Proceeding is stayed pursuant to this Court's order entered on April 28, 2021. [D.E. 126].

7.  On April 2, 2021, the ALM Trust filed a *Motion by the Arthur L. McClinch Trust Date April 3, 1981 For Conversion to Chapter 7 pursuant to 11 U.S.C. § 1112 with Incorporated Memorandum of Law* (the "Motion to Convert") [D.E. 198], seeking to convert this chapter 11 case to a case under chapter 7 for cause under § 1112 of the Bankruptcy Code.  The hearing on the Motion to Convert has been continued to June 10, 2021.  [D.E. 211].

8.  The Debtor failed to include the debt at issue in the Adversary Proceeding on his Schedules.

9.  In the Motion to Convert, as grounds for conversion, the ALM Trust alleges, among other things, that post-petition, the Debtor received nearly $600,000.00 and, instead of performing his plan obligations, he dissipated the majority of these funds on personal expenses.  [D.E. 198 at pp. 19-20].

10. On May 4, 2021, the Debtor filed the Motion to Compromise. [D.E. 214].

11. In the Motion to Compromise, the Debtor describes his remaining and outstanding obligations he has to creditors under the Plan.  [D.E. 214].

12. Given that the Debtor has already failed to comply with his obligations under the Plan notwithstanding that it appears that the Debtor had the means to timely pay sums due and owing, in an effort to protect the rights of the Debtor's remaining unpaid creditors, the United States Trustee requested that the Debtor voluntarily waive his discharge in this case pursuant to section 1141(d)(4) of the Code.  The Debtor consents to such a waiver.

### III. Basis for Relief; Relief Requested

13. Section 1141(d)(4) of the Code provides that "[t]he court may approve a written waiver of discharge executed by the debtor after the order for relief under this chapter."

14. The United States Trustee requests that the Court enter an order approving the Waiver, as all of the requirements for an effective discharge waiver are satisfied.

15. The Waiver is in writing and signed by the Debtor. *See* Exhibit A.

16. The Waiver was filed after the entry of the order for relief and prior to the entry of a discharge in this case. *See* Docket, generally (no discharge has entered).

17. The Debtor consulted with and was advised by counsel in connection with executing the Waiver, and, as verified on the Waiver itself, signed it voluntarily and knowingly. *See* Exhibit A.

18. By virtue of this Waiver, any creditors who have yet to be paid in full under the Plan will retain all of their state law rights to attempt to collect amounts due from the Debtor (as set forth in the Plan) in the event of a default by the Debtor and, therefore, it is in their best interests that the Court grant this Motion and approve the Waiver.

19. For these reasons, the United States Trustee requests that the Court enter an order approving the Waiver.

WHEREFORE, the United States Trustee respectfully requests that the Court grant the foregoing Motion and approve the Waiver, and requests such other and further relief as the Court deems just and proper.

Date: May ____, 2021            Respectfully submitted,

                                        WILLIAM K. HARRINGTON
                                      UNITED STATES TRUSTEE

                      By:    /s/ Jennifer H. Pincus
                            Jennifer H. Pincus, Esq.
                            Trial Attorney
                            U.S. Department of Justice
                            537 Congress Street, Suite 300
                            Portland, ME 04101
                            PHONE: (207) 780-3564 Ext. 202
                            FAX: (207) 780-3568
                            Jennifer.H.Pincus@usdoj.gov

## CERTIFICATE OF SERVICE

I, Jennifer H. Pincus, being over the age of eighteen and an employee of the United States Department of Justice, U.S. Trustee Program, hereby certify that on May ___, 2021, I electronically filed the above Motion to Approve Voluntary Waiver of Discharge, a Proposed Order, a Notice of Hearing, and this Certificate of Service, which were served upon all parties via U.S. mail as indicated on the service list, below. All other parties listed on the Notice of Electronic Filing have been served electronically.

    Dated at Portland, Maine this ___ day of May, 2021.

                                                /s/  Jennifer H. Pincus

**Service List**
**N/A**